### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE GREEN | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 03-149 Erie |
| | ) | District Judge McLaughlin |
| MARTIN HORN, et al. | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.      RECOMMENDATION

It is respectfully recommended that the motion to dismiss or for summary judgment filed by Defendants Wolfe, Brennan, Overton and Barr (the "Commonwealth Defendants") [Document # 51] be granted and that their Reassertion of the Motion to dismiss or for summary judgment [Document # 58] be granted.

It is further recommended that the motion to dismiss or for summary judgment filed by Defendant Baker [Document # 60] be granted.

### II.      REPORT

#### A.      Introduction

On May 2, 2003, Plaintiff Tyrone Green, acting *pro se*, filed the instant action.  Plaintiff is an inmate currently housed at the State Correctional Institution at Huntingdon. Named as Defendants are: Edward Brennan, former Warden of SCI-Albion; William Wolfe, Warden of SCI-Albion; William Barr, Superintendent's Assistant; and Maxine Overton; and Dr. Mark Baker.  Plaintiff alleges that Defendants violated his Eighth and Fourteenth Amendment rights.  As relief, Plaintiff seeks monetary damages, along with injunctive relief.

Presently before this Court are motions to dismiss filed by all Defendants.

1

**B.    Procedural History**

In response to the filing of Plaintiff's original complaint, Commonwealth Defendants
Horn, Beard, McVey, Brennan, Wolfe, Overton, Rogle, and Hametz filed a motion to dismiss.
By Report and Recommendation dated April 28, 2004, this Court recommended the denial of
that motion, as well as the dismissal of five of the eight named Commonwealth Defendants
pursuant to its authority under 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c) due to
Plaintiff's failure to state a claim against them.  This Court also ordered Plaintiff to file "an
amended complaint detailing the denial of medical treatment and naming the proper defendants"
because he had made sufficient allegations regarding an Eighth Amendment claim.  Document #
37.

On May 26, 2005, District Judge Sean J. McLaughlin issued a Memorandum Order
adopting the Report and Recommendation and dismissing Defendants Horn, Beard, McVey,
Hametz and Rogle from this case.

On May 21, 2004, Plaintiff filed a "Motion to Amend Complaint with proper
Defendants, and for Defendants to turn over all discovery."  Document # 39.  The two new
Defendants named were William Barr and Dr. Mark Baker.  Because no proposed amended
complaint accompanied that pleading, this Court treated that motion as the amended complaint
and ordered service of that pleading. See Document # 49.

Following service of the amended complaint on Commonwealth Defendant Barr, all
Commonwealth Defendants (now, Wolfe, Brennan, Overton, and Barr) filed a motion to dismiss
the amended complaint or motion for summary judgment.  Document # 51.  That motion is
presently pending before this Court.  Plaintiff has filed two Oppositions to the motion.
Documents # 53 and # 56.

On November 3, 2004, Plaintiff filed an Amended Complaint.  Document # 50.  On
January 21, 2005, Plaintiff filed another pleading entitled "Amended Complaint."  Document #
57.  In response to the amended complaints, the Commonwealth Defendants reasserted their
motion to dismiss or for summary judgment.  See Document # 58.

On February 3, 2005, Defendant Baker filed a motion to dismiss or for summary

2

judgment.  Document # 60.  Despite being ordered to do so, Plaintiff has not filed an Opposition to this motion.  See Document # 64.  This motion is presently pending before this Court.

### C.    Standards of Review

#### 1.    *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

#### 2.    Motion to dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.  Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976).  The motion cannot be granted unless the court is satisfied "that no

relief could be granted under any set of facts that could be proved consistent with the
allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). The issue is not whether the
plaintiff will prevail at the end but only whether he should be entitled to offer evidence to
support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). Rule 8(a) of the Federal
Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a
short and plain statement of the claim showing that the pleader is entitled to relief. Therefore, in
order to survive a motion to dismiss for failure to state a claim, the complaint must set forth
sufficient information to suggest that there is some recognized legal theory upon which relief
can be granted.

### 3.    Motion for summary judgment

Because Plaintiff and Defendants have submitted exhibits, this Court will convert the
motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) to a motion for summary
judgment pursuant to Federal Rule of Civil Procedure 56. See Burns v. Harris County Bail
Bond Bd., 139 F.3d 513, 517 (5th Cir.1998). ("When matters outside the pleadings are presented
to and not excluded by the district court, the district court must convert a motion to dismiss into
a motion for summary judgment."); Greer v. Smith, 2003 WL 1090708, *1 (3d Cir. 2003) ("the
District Court considered material outside of the pleadings and, therefore, should have converted
the motion for dismissal to a summary judgment motion, allowing the plaintiff an opportunity
for appropriate discovery and a reasonable opportunity to present all material made pertinent to
the motion.").

Federal Rule of Civil Procedure 56(c)  provides that summary judgment shall be granted
if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with
the affidavits, if any, show that there is no genuine issue as to any material fact and that the
moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when
a motion for summary judgment is made and supported, "an adverse party may not rest upon the
mere allegations or denials of the adverse party's pleading, but the adverse party's response, by
affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is

4

a genuine issue for trial. If the adverse party does not so respond, summary judgment, if
appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has
failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v.
American Sterilizer Co., 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial
burden of proving to the district court the absence of evidence supporting the non-moving
party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v.
Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further,
"[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential
fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation
continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting
Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a
genuine issue for trial. Matsushita Elec. Indus. Co. v Zenith Radio Corp., 475 U.S. 574 (1986);
Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-
movant must present affirmative evidence - more than a scintilla but less than a preponderance -
which supports each element of his claim to defeat a properly presented motion for summary
judgment). The non-moving party must go beyond the pleadings and show specific facts by
affidavit or by information contained in the filed documents (i.e., depositions, answers to
interrogatories and admissions) to meet his burden of proving elements essential to his claim.
Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will effect the outcome of the case under
applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court
must resolve any doubts as to the existence of genuine issues of fact against the party moving for
summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon
bare assertions, conclusory allegation or suspicions." Firemen's Ins. Co. of Newark, N.J. v.
DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the
dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury

could return a verdict for the non-moving party.  Anderson, 477 U.S. at 247-249.

**D.     Plaintiff's complaint and the supporting medical record**

Plaintiff alleges that following a fall in a slippery shower area he was denied prescribed

followup medical treatment (in the form of a permanent cast) in violation of his Eighth

Amendment rights.  In his original complaint, Plaintiff explains:

> As a result of Plaintiff's slip and fall, he broke two (2) bones in his right hand....
> On August 26, 2002, Plaintiff was transported to Millcreek Hospital wherein
> Plaintiff was issued a temporary cast which was placed upon Plaintiff's broken
> hand.  Plaintiff was given said temporary cast due to the immense swelling in his
> right hand.  Plaintiff was scheduled by attending physicians to have the
> temporary cast removed in two (2) days to have [been] replaced with full cast.
> Plaintiff was never rescheduled or transported back to Millcreek Hospital for his
> replaced cast by the institution. ... On September 25, 2001, Plaintiff filed another
> grievance citing that Millcreek Hospital issued him a temporary cast with
> instructions for Plaintiff to be returned to the hospital for a full cast.  The
> Institution's medical department failed to adhere to physicians instructions for
> returning Plaintiff for his intended full cast.  Plaintiff is no medical physician but,
> has enough common sense to know that the present condition of his right hand is
> due to the lack of responsibility on the behalf of the Institution's medical
> department.  Plaintiff is now on daily medication.

Document # 1.  In his amended complaint, Plaintiff further explains his allegations and attaches

several exhibits in support of his claims.  Document # 50.  In another amended complaint,

Plaintiff more specifically names Defendants Barr, Baker and "Security Captain John Doe" as

the individuals responsible for denying him followup medical treatment.  Document # 57.

Much of Plaintiff's medical history is illegible and none of the Defendants have

provided this Court with an affidavit from medical personnel to explain the illegible notations.

So to the best of this Court's ability, the undersigned has attempted to decipher the medical

record.

On August 27, 2001 (two days following his accident), Plaintiff was seen at the

Emergency Room of the Millcreek Community Hospital.  Orthopedic Instructions from that

visit indicate that Plaintiff was scheduled for a followup visit at the hospital for September 5,

2001.  Document # 51, Attachment A, unnumbered page 9.  The Progress Notes from August

27, 2001, indicate that upon his return from the Millcreek Community Hospital with a fractured

right hand, he was wearing a splint and an arm sling.  The chart was referred to Dr. Baker for

6

followup care.  Id. at 13.

The Progress Notes from September 4, 2001, indicate that patient's offsite followup appointment was canceled due to unspecified "scheduling and security concerns" and that Plaintiff was rescheduled to be seen onsite by Dr. Ferretti on September 14, 2005.  The record indicates that prison staff discussed the rescheduling of the followup appointment with Dr. Ferretti's staff.  Id.

The Progress Notes from September 14, 2005, indicate that Plaintiff was a "no show" for the onsite orthopedic clinic.  Plaintiff was to be rescheduled for an offsite visit to the Millcreek Community Hospital for a recheck within two weeks.  Id.

The Progress Notes from September 17, 2001, indicate that Plaintiff was scheduled to be seen by Dr. Ferretti at Millcreek Community Hospital on September 26, 2001.  Id.

Undated Progress Notes from September, 2001, indicate that Plaintiff's chart was discussed with Dr. Ferretti after Plaintiff was a "no show" for his appointment.  It was decided that x-rays would be taken at the prison and sent to Dr. Ferretti for his review "due to security issues of non-emergent outside trips."  Id. at 14.

On September 21, 2001, Plaintiff was seen in the infirmary complaining that he wanted a cast on his right hand.  X-rays were taken and were to be sent to Dr. Ferretti for review.  Id.

Plaintiff's September 26, 2001 appointment at Millcreek Community Hospital was rescheduled for an onsite visit for October 12, 2001.  X-rays had been reviewed by Dr. Ferretti on September 21, 2001 who indicated that the fractures were "healing well - no medical necessity to send patient offsite."  Id. at 15.

Plaintiff was seen onsite at the orthopedic clinic on October 12, 2001.  New x-rays were taken and were compared to those from September 21, 2001.  The report indicates that "there is progressive moderately advanced healed fractures of the base of the 4th and 5th metacarpals" with "moderately advanced healed fractures."  Document # 56, Exhibit 12.  This notation indicates that "Patient voiced understanding."  However, the record is not clear about what Plaintiff voiced his understanding.

**E.      Deliberate indifference under the Eighth Amendment**

In the medical context, a constitutional violation under the Eighth Amendment occurs only when state officials are deliberately indifferent to serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976).  The standard is two-pronged, "[i]t requires deliberate indifference on the part of prison officials and it requires that the prisoner's medical needs be serious." West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correction Institute Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).  A serious medical need may also be found to exist where the denial or delay of treatment results in "unnecessary and wanton infliction of pain." Id.

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S at 104.  Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990).  Mere misdiagnosis or negligent treatment is not actionable under §1983 as an Eighth Amendment claim because medical malpractice is not a constitutional violation.  Estelle, 429 U.S. at 106.  "Neglect, carelessness or malpractice is more properly the subject of a tort action in the state courts." Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1081 (3d Cir. 1976).  "While the distinction between deliberate indifference and malpractice can be subtle, it is well established that so long as a physician exercises professional judgment, his behavior will not violate a prisoner's constitutional rights. Youngberg v. Romeo, 457 U.S. 307, 322-23 (1982). See also Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990).

In this Court's previous Report and Recommendation, the undersigned concluded that: "at this initial stage of the proceedings, it appears that Plaintiff has sufficiently alleged a serious

medical need (in the broken bones of his right hand) and he has sufficiently alleged deliberate indifference (in the denial of prescribed medical treatment in the form of a permanent cast and follow-up treatment for the continuing problems with his hand). While pleading these allegations is far removed from proving them, Plaintiff should be given the opportunity to do so." Document # 37, page 16.

However, at this later stage of the proceedings in the face of two motions for summary judgment, Plaintiff has not proven his allegations of deliberate indifference. There is nothing in the record that shows that Plaintiff needed a permanent cast. Instead, the medical records only indicate that Plaintiff's hand was to be rechecked within a few days of his visit to the Emergency Room. It is Plaintiff's bald assertion, without any evidentiary support, that he was prescribed a permanent cast by Dr. Ferreti at his initial appointment. Plaintiff's followup appointment was later rescheduled after consultation between prison medical staff and Dr. Ferretti's staff. Then, for reasons unspecified in the record, Plaintiff was a "no show" for the rescheduled appointment. The rescheduling of a followup appointment does not constitute deliberate indifference towards Plaintiff and Plaintiff's failure to appear at the rescheduled appointment is a situation of his own making and does not reflect upon Defendants in any way. To Defendants' credit, even after Plaintiff failed to appear for his rescheduled appointment, prison medical staff reviewed Plaintiff's chart with Dr. Ferretti.

Because Defendants have demonstrated that prison staff[1] were not deliberately indifferent, the motions for summary judgment should be granted.


III.    **CONCLUSION**

For the foregoing reasons, this Court respectfully recommends that that the motion to dismiss or for summary judgment filed by Defendants Wolfe, Brennan, Overton and Barr (the

---

[1] This Court notes that even after several amendments to the complaint, Plaintiff still has not adequately alleged how each of the remaining Defendants were involved in the alleged denial of medical care.

"Commonwealth Defendants") [Document # 51] be granted and that their Reassertion of the Motion to dismiss or for summary judgment [Document # 58] be granted.

It is further recommended that the motion to dismiss or for summary judgment filed by Defendant Baker [Document # 60] be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.


                                          S/ Susan Paradise Baxter
                                          SUSAN PARADISE BAXTER
                                          Chief United States Magistrate Judge


Dated: July 26, 2005

10