# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TYRONE  GREEN,                          :

                Plaintiff              :          CA. NO.# 03 - 149 ERIE

        VS.                           :          District Judge McLaughlin

                          :

MARTIN HORN, TE AL.,                    :          Magistrate Judge Baxter

             Defendant's             :

                          :          SECTION § 1983 Action Suit

: : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

## OBJECTION TO MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATIONS

     To the Honorable Magistrate Judge Susan Paradise Baxter and District Judge, Sean J. McLaughlin. Judge's of the above said Court.

     **NOW COMES,** Tyrone Green, who is the Plaintiff in this instant matter who respectfully files this OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS, based upon the following facts, evidence and circumstances to wit:

## I.   REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE.

     That on July 26, 2005, Magistrate Judge Susuan P. Baxter filed and entered the MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS in this matter. The Recommendation was  made that the Motion To Dismiss or for Summary Judgment filed by defendant's Wolf, Brennan, Overton and Barr (The Commonwealth Defendant's), [Document #51] be granted and that their reassertion of the Motion To Dismiss or For Summary Judgment [Document #58] be granted.

     FURTHER, it was recommended that the Motion to Dismiss or For Summary Judgment filed by Defendant Baker, [Document #60] be granted

## II.  PLAINTIFF'S OBJECTION AND ARGUMENT

This Plaintiff objects to Magistrate Baxter's Report & Recommendation in that it essentially dismisses Plaintiff's entire cause, claim and action Plaintiff argues that the evidence relied on by the Magistrate Judge is inconclusive and in error, as well as being unsupported by the documented evidence and material in this matter.

At page (9) paragraph (2) of Magistrates Report and Recommendation, the Magistrate reported in error that this Plaintiff has not proven his allegations of deliberate indifference. There is noting in the record that shows that Plaintiff needed a permanent cast. Instead, the medical records only indicate that Plaintiff's hand was to be rechecked within a few days of his visit to the emergency room. It is Plaintiff's **BALD ASSERTION**, without any evidentiary support, that he was prescribed a permanent cast by Dr. Ferretti at his initial appointment. Plaintiff's followup appointment was later rescheduled after consultation between prison medical staff and D. Ferrentti's staff. Then for some reason unspecified in the record, aintiff was a "no show" for the rescheduled appointment. The rescheduling of a followup appointment does not constitute deliberate indifference towards Plaintiff and Plaintiff's failure to appear at the rescheduled appointment is a situation of his own making and does not reflect upon the Dfendant's in any way. **Id.**

This information is in error as it is clearly documented in this aintiff' Response To Dfendant's Motion To Dismiss, Dated January 18, 2005 located at EXHIBIT (2) (and attached hereto). This information states that PATIENT IS TO BE SENT TO MILLCREEK HOSPITAL VIA STATE CORRECTIONS FOR <u>CAST.</u> SECURITY TO BE NOTIFIED BY ADMINISTRATIVE ASSISTANT. MILLCREEK ORTHOPEDIC TO BE NOTIFIED OR CONTACTED BY PHYSICIAN: This medical note is signed by D. Telega.

This information supports Plaintiff's claim that he was denied the treatment and care that was ordered and specified by his primary physician D. Ferretti. While the Magistrate admits that much of the Plaintiff's medical history is illegible and none of the defendant's have provided the Court with an affidavit from medical personnel to explain the illegible notations. The Court to the best of its ability had attempted to decipher the medical records. (Indicated at Page #6 of Magistrate Judge's Report and Recommendations).

In addition to clairifing the facts of the records, (That Paintiff was ordered and scheduled to be sent to Millcrek Hospital, orthopedic clinic for a cast to be fitted to his broken hand.) The records are abundantly clear that on several occassions Plaintiff was scheduled to be transfered to the outside clinic or Hospital, so that his primary Physician, Dr. Ferretti could administer the proper care and treatment required for Plaintiff's injury.

The Court, While it admitts its difficulty at deciphering the illegible medical records of this matter, it fails to address the fact that the Defendant's themselves on Dcember 9, 2003 Filed a NOTICE OF RECORDS REPRODUCTION REQUEST, to obtain the medical records from Millcreek Hospital, which are critical to this case. Tis Paintiff also filed a REQUEST TO REVIEW MEDICAL RECORDS on December 17, 2003, (both of which are attached as evidence). To date, none of the requested medical records and documentations of D. Ferretti have been received or reviewed by this aintiff, the Defendant's or the Court. The Plaintiff therefor avers that the Court has erred by prematurely entering its Report and Recommendation without reviewing all of the requested medical reports from Millcreek spital, as well as the medical documentations of Dr. Ferretti in connection to this case matter. This Paintiff alleges that these materials would aid the Court in its understanding and comprehension of matters that it has

expressed its prior difficulty in deciphering. The plaintiff also believes that a full review of the medical records of Millcreek Hospital, as well as medical records from Dr. Ferretti would further support and substantiate his cause and claims under this action.

The Court has also erred in its Report and Recommendation by its **Speculation and Suggesting**, that this plaintiff is at fault for not showing up for appointments that had been rescheduled.
The Court stated that plaintiffs failure to appear at the reschuduled appointments is a situation of his own making and does not reflect upon the defendants in any way. ID Not only is this speculation and susuggestion on the part of the court, it is a false allegation. Plaintiff was never called or notified to report to medical department on any of the dates when reported as a patient "no show". Further it is the policy and proceedure of the Department of Corrections when requesting an inmate to report to the medical department. The inmate is placed on a "callout" list, reporting to medical department is mandatory and is subject to misconduct and diciplinary actions for failure to report to medical "callout", due to no such misconduct reports or diciplinary actions of failure to report it is evident of the fact the medical department at S.C.I.-Albion never placed plaintiff on the medical "callout" list for the days they alledge that plaintiff was a "no show". The callout requiring plaintiff to report has not been offered for review by Defendants because its simply does not exist.

The Court failed to address that on or about June 16 2005. Plaintiff submitted a 15 question Intagatory Statement upon Defendant Dr. Mark Baker and counsel for Dr.Baker Elizabeth M. Yanelli.

That the above is evidenceed bymeans oa a proof of services via First Class Mail dated June 16, 2005 to Defendants counsle.

4

That the intagatory questions in essence were submitted in an effort to depose this defendant to ascertain the extent of his knowledge and culpability as a defendant in this action.

That as of this date of filing this Objection, Plaintiff has not received a responce from either Dr. Baker or his counsel regarding plaintiffs Intagatory questions.

That it is undisputed by all of the known defendants as well as evidenced by the volume of medical records that plaintiff did sustain injury to his right hand by breaking two bones while exiting the shower at SCI-Albion.

The questions that now are presented to the Court to decideare:

A) Whether the Department of Corrections is liable for failing to implament safety devices in the shower area, such as anti-slip floor matting and/or shower handrails, to prevent these types of injuries now or in the future.

B) Whether Dr. Mark Baker, his medical staff and/or Security Personal at SCI-Albion acted with deliberate indifference by failing to meet the medical needs of this Plaintiff that were stipulated and orderd by Primary Orthopedic Physician Dr. Ferretti.

C) In seeking monetary damages: The Court should consider whether the extent of damages that Plaintiff now suffers from i.e. permanant damage, limited mobility, and acute pain, which could have been avoided or drastically minimalized had the defendants adhered to the order stipulations and instructions of plaintiffs primary physicion, Dr. Ferretti.

D) In seeking injuctive relief: The Court may consider what future
policies procedures and safety precautions may be employed and
utilized at SCI-Albion to prevent or limit similar causes for
action or injury.

   The Plaintiff avers that had it not been for "Deliberate and
Indifferent" actions and/or the lack thereof, on the part of the
Security and/or Medical personal at SCI-Albion that he would not now
be suffering from the permanant damages described above. The severity
of damage is the result of SCI-Albions Medical staff and Security
officials failing to administer that proper care directed byDr.Ferretti.

   More specifically, following plaintiffs injury; sustained on
August 25 2001. Had plaintiffs broken bones been casted immediately
there would have been little or no permenant damages to plaintiff.
The fact that plaintiff was taken to the Millcreek Hospital on the
following day of the injury caused the injury and swelling to be more
critical and severe which resulted in Dr.Ferretti's inability to cast
the broken injury.
"Security Concerns" in this instance simply refers to the availability
of Correctional Officers to facilate transfer of PLaintiff from SCI-
Albion to the Orthopedic clinic so that Dr. Ferretti could administer
the proper care to plaintiff. This demonstrates that due to a lack in
availble staff to transport plaintiff, that plaintiff is forced to
suffer irrepairable permanant damage, limited use, and cronic pain.
This suggests that the real and apparant medical needs of this plaintiff
must take a backseat to the actual fact that there simply are no availble
staff orofficials to facilitate plaintiffs transfer to the Orthopedic
clinic so that Dr. Ferretti may administer the proper care.

This is the core of the issue for which Injuctive Relief is required. The evidence to support this is contained in the exhibits of plaintiffs response to defendants motion to dismiss.

Exhibit Seven: 9-4-01, unable to schudual patient off site due to security concerns and schuduling.

Exhibit Nine: 9-20-01, again unable to scheduale plaintiffs transport to outside clinic due to security concerns and non exigent issue. Other exhibits indicate that Dr.Ferretti failed on at least two occations to administer care to plaintiff at SCI-Albion and has been recorded as no show on plaintiffs medical records.

The Plaintiff alleges that had he received the prescribed cure and treatment by Dr.Ferretti on any of the dates in which he was to be transported, that he would not now be suffering from the permanant damage as outlined herein further, that because of actions of the defendants in failing to transport plaintiff to the location where he could receive proper care from Dr.Ferretti, was an act showing deliberate indifference to a known right. In this case plaintiffs right to medical care and treatmentby his primary Orthopedic physician, Dr.Ferrentti and that proper care and administration was crucial to this plaintiffs care, recovery and healing process.

By plaintiffs request to have defendant Dr.Mark Baker answer to the plaintiffs Intagatory questions the court may determine that the liability and cause for this action must shift to the Security Officials. However, it should have known of the substantial risk of permanant damage and injury to plaintiff as a result of their non compliance with Dr.Ferrentti's directions.

As a result of their non compliance of Dr.Ferrentti's directions, orders, and treatment stipulations, plaintiff's condition now of limited mobility, permanant damage and acute cronic pain may also be viewed as present because of SCI-Albion's medical staff erroneously determining that plaintiffs condition was non emergency. Had they diaganosed plaintiffs condition correctly as emergency, it would have automatically triggered the implimentationof a policy that plaintiff be transported to Dr. Ferrentti for treatment and care.

The court in its report and recommendation failed to address many of these critical claims and issues additionally the defendants have failed to name the "John Doe" Security Captain, who is responsible for not providing plaintiff with transportation to outside physician and has failed to establish what security concerns and reasons existed that precluded plaintiffs transfer to outside clinic.

Whereas, for all of the reasons stated herein, plaintiff respectfully requests that the court defer entering a report and recommendation and allow plaintiff the opportunity to procure further suppor tative documentation as it was requested priviously from Millcreek Hospital and Dr. Ferrentti. And further, to allow plaintiff to depose defendants in an effort to prove their culpability in this action and to name the Security Captain known as "John Doe" to this plaintiff.

Respectfully submitted;

*Tyrone Green*

Tyrone Green

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 4 2005

a true and correct copy of the foregoing was mailed via

United States Postal Service to the below listed.

Scott A. Bradley
Office of Attorney General
6th. Floor, Manor Complex
564 Forbes Ave.
Pittsburgh, PA. 15219

Elizabeth m. Yanelli                                    Tyrone Green
Thirty-Eighth Floor
One Oxford Centre
Pittsburgh, PA. 15219                                   Plaintiff

State Correctional Institue @ Smithfield
P.O.Box 999, 1120 Pike Street
Huntingdon, PA. 16652

Date: August 4, 2005



# Center City Legal Reproductions, Inc.
### 123 South Broad Street, Suite 1920, Philadelphia, PA 19109
### (215) 732-1177 fax (215) 732-5637

| | | |
|---|---|---|
| TYRONE GREENE | : | CCLR File No. 03-3553L |
| | : | |
| VS. | : | |
| | : | |
| MARTIN HORN ET AL | : | |

## COUNSEL RETURN PAGE

I have received the Notice of Records Reproduction Request dated December 9, 2003 regarding records in the custody of (see attached subpoena(s)) and respond as follows:

(1)     COPIES
I would like a copy of the records in question sent to me,                    **yes / no**
and agree to pay the price noted in the Notice of Records
Reproduction Request.

(2)     I would like copies of X-Rays sent to me.
                                                                              **yes / no**

(3)     OBJECTIONS
I understand that I may object to the Notice of Records              **yes / no**
Reproduction Request as Follows, and agree that my failure
to do so on this Counsel Return Page shall serve as a
agreement that the records reproduction service should
proceed with the records collection process.

    (a)     I object to the records reproduction service
          obtaining the records without a formal deposition.        **yes / no**

    (b)     I object to the Records Custodian mailing the
          original documents to the reproduction service.          **yes / no**

    (c)     I object to the records reproduction service taking
          the records out of the custody of the Records Custodian.   **yes / no**

(4)     I want to look at the records at a Center City location
before deciding whether to order a copy.                           (**yes** / no)

Date: _12-17-03_

_Tyron Green_ (signature)
Attorney for plaintiff(s) / defendant(s)

TYRONE GREENE, PRO SE
TYRONE GREENE
STATE CORRECTIONAL
INSTITUTION/ALBION
10745 ROUTE 18
ALBION, PA 16475



December 9, 2003          **Request for Filenum     03-3553L**

## Additional Custodians on Request

| | |
|---|---|
| **Location :**  MILLCREEK HOSPITAL | **Work Order #** 03-3553L |
| **Contact :** | |
| **Department :**  MEDICAL RECORDS | **Phone :**      (814)864-4031 |
| **Address :**  5515 PEACH STREET | **Fax :**            ( )  - |
|              ERIE, PA 16509 | |

**Description Of Records**          ANY AND ALL  RECORDS REGARDING 8-25-01
INCIDENT, INCLUDING FOLLOW UP CARE,
PERTAINING TO TYRONE GREENE.**Certification
Page Must Be Signed and Dated **

==========================================================================

**December 9, 2003**      **Request for Filenum**      **03-3553L**

| | | | |
|---|---|---|---|
| **Type** | : | U.S.D.C. | **Case #** 03-149E |
| **Date of Request :** | 12/09/2003 | | |
| **Date Records Due:** | 12/19/2003 | **Plaintiff** | TYRONE GREENE |
| | | | **VS.** |
| **JDC :** | | **Defendant(s)** | MARTIN HORN ET AL |
| **County :** | | | |

| | | | | |
|---|---|---|---|---|
| **Requestor :** | MR. ROBERT OWSIANY, ESQUIRE | | | |
| **Firm** | : | OFFICE OF ATTORNEY GENERAL | **Phone :** | (412)565-3570 |
| **Address** | : | 6TH FLOOR MANOR COMPLEX | **Fax :** | ( ) - |
| | | 564 FORBES AVENUE | | |

| | | |
|---|---|---|
| **City** | : | PITTSBURGH, PA 15219 |

| | | | | |
|---|---|---|---|---|
| **Patient :** | TYRONE GREENE | | **DOB** : | 01/23/1970 |
| **Address :** | STATE CORRECTIONAL | | **DOD/DOA :** | 08/25/2001 |
| | 10745 ROUTE 18 | | **SSN** : | - - 0 |
| | ALBION PA 16475 | | | |

### Additional Counsel on Request

| | | |
|---|---|---|
| **Attorney :** | MR. TYRONE GREENE, PRO SE | |
| **Firm** | : | TYRONE GREENE |
| **Phone** | : | ( ) -                **Fax** : ( ) - |
| **Represent:** | Plaintiff    , TYRONE GREENE | |

EXt - 2

# PROGRESS NOTES

[X] Outpatient      [ ] Inpatient

| ate/me | Prob # | Discipline Abbreviation | Remarks — Subjective, Objective, Assessment, Plan |
|---|---|---|---|
| 6-01 30 | 4 | NSG | S: "I'm fine." O: Pt. released from infirmary per physicians order, no voiced complaints. A: Alteration in comfort. P: Follow c̄ x-ray of (R) hand in Am, Pt. aware Pt released to general population. J.McDuff JAMES McDUFF, RN |
| 7/01 02 | 4 | CSPHS | Pt scheduled for onsite x-ray ~(R) hand~ on Mon 8/27/01. Consult forwarded to L. Helgert, RT. Rebecca Gould R.L.Gould Clinical Specialist |
| 7/01 05 | (4) | I | S referred per nurse sript to (R) hand — c/o slipped in the shower ~2 days ago. O (R) STS dorsal hand. tender to palpation 4th-5th Metacarpal CMS intact— XRAY (R) minimally displaced 4th Metacarpal head Fx A- (R) hand Fx. P: Sx to MCH w/ Glute cast, Security to be notified by Admin. Asst. Milton re: to transport c̄ my physician. —R ssr c̄ R c̄ Tylenol #3 ... Dr. Mark Baker Medical Director |

Inmate Name: Green, Tyrone

Inmate Number: EPY593

DOB: 1/03/70

Institution: SCI ALBION

Progress Notes
Commonwealth of Pennsylvania
Department of Corrections
DC-472

| Date/Time | Prob # | Discipline Abbreviation | Remarks Subjective, Objective, Assessment, Plan    EXT-7 |
|---|---|---|---|
| 8/27/01 1028 | 4 | CoPHS | Pt Scheduled offsite @ MCH-ER this day~ eval tx ® hand. Rx Security notified — Rebecca Gould  R.L. Gould Clinical Specialist |
| 8/27/01 1705 | 4,5 | RN9 | S: "I FEEL FINE" O: INMATE RETURNED FROM @MCH hospital Fx ® hand. Splint/ arm sling intact — needs Nax check 12 hours WNL. No C/o pain/discomfort n. Actin comfort. p. released to new population. chart referred to Dr. Below POD for Rx — follow up care TOM HICKEY, RN    TOM HICKEY RN  T. Hickey RN |
| 9/4/01 1105 | 5 | CoPHS | Pt scheduled onsite c Dr. T. Ferretti on Fri 9/14/01 during the ortho clinic. Unable to schedule pt offsite due to scheduling & security concerns. Spoke c Dr. Ferretti's staff re this issue. ~ S/p fx ® hand Rebecca Gould  R.L. Gould Clinical Specialist |
| 9/14/01 1230 | 5 | CoPHS | Pt "No Show" for Ortho clinic. Per Dr. Ferretti, pt is to be scheduled offsite @ MCH Ortho clinic for rev w/in 2 wks Rebecca Gould  R.L. Gould Clinical Specialist |
| 9/17/01 1439 | 5 | CoPHS | Pt scheduled offsite @ MCH Ortho clinic c Dr. T. Ferretti on Wed 9/26/01 L rev ® hand. Rebecca Gould  R.L. Gould Clinical Specialist |

# PROGRESS NOTES

EXT-9

[ ] Outpatient  [ ] Inpatient

| Date/Time | Prob # | Discipline Abbreviation | Remarks — Subjective, Objective, Assessment, Plan |
|---|---|---|---|
| 9-20-01 1610 | #9 | PAC | S: Ø<br>O: no new<br>A: fracture 4th/5th metacarpal ® hand<br>P: chart reviewed ē Dr Ferretti, inmate was a no show for on site clinic (9/14) discussed @ length, will take xray on site, then transport to MCH for review due to security issue of non emergent outside trips, will follow process per Dr Ferretti direction ——— Mraj AC |
| 9/21/01 1005 | | PAC I | P: N/S PA/Sick line = for 0950 hr apt. ——— D. Telega PAC |
| 9/21/01 1010 | (19) | PAC I | S: wants cast placed on ® hand<br>c/o excessive movt in splint.<br>admits to taking splint off to clean hand on a regular basis.<br>O: splint intact - ulnar gutter plaster splint. CMS intact. ® capillary refill, sensation intact. Ø STS.<br>A: S/P metacarpal Fx 4&5 ® hand<br>P: x-ray done - to be taken to Dr Ferretti's office for review, will R/S for Tx plan in near future = cont splint until then. ptcoun w/ reinforced ——— D. Telega PAC |

Progress Notes
Commonwealth of Pennsylvania
Department of Corrections
DC-472

Inmate Name: Green Tyrone
Inmate Number: DP4593
DOB: 1-23-70
Institution: Albion