IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE GREEN, | : | *Filed Electronically* |
| | : | |
| Plaintiff, | : | CA. No. 03-149 Erie |
| | : | |
| vs. | : | |
| | : | District Judge McLaughlin |
| MARTIN HORN, ET AL. | : | |
| | : | Magistrate Judge Baxter |
| Defendant. | : | |
| | : | |

**RESPONSE TO PLAINTIFF'S OBJECTIONS AND AMENDED OBJECTION TO
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

AND NOW COMES Defendant, Mark Baker, D.O., by and through his attorneys Elizabeth M. Yanelli, Esquire, and Pietragallo, Bosick & Gordon, and files this Response to Plaintiff's Objections and Amended Objection to the Magistrate Judge's Report and Recommendation as follows:

**I.      Factual Background**

This is a prisoner's civil rights action in which Plaintiff Tyrone Green alleges he was denied follow-up treatment outside of prison for security reasons after he injured his right hand when he slipped and fell in the shower at the State Correctional Institution at Albion ("SCI-Albion").

Plaintiff has filed Objections to the Magistrate Judge's Report and Recommendation because he believes that his being treated by Dr. Ferretti within SCI-Albion due to scheduling and security concerns, as opposed to outside the prison, constitutes deliberate indifference to a serious medical need. Plaintiff has further objected to the Magistrate Judge's Report and Recommendation on the grounds that he has not obtained his medical records from Millcreek Community Hospital or from

Dr. Ferretti.    None of Plaintiff's objections have any merit pertaining to Plaintiff's assertions against Dr. Mark Baker.    Further, Plaintiff's medical records definitively show that he was provided with adequate and timely treatment, and the Magistrate Judge has properly concluded that Defendant's Motion to Dismiss or Alternatively, for Summary Judgment, should be granted.

II.    **ARGUMENT**

The Magistrate Judge properly concluded that Defendant's Motion to Dismiss or Alternatively, for Summary Judgment, should be granted.    Plaintiff's Objections fail to point out any errors of fact or law whatsoever that would indicate that Summary Judgment is not appropriate with regard to Dr. Baker.    Plaintiff has failed to produce any shred of evidence whatsoever that would demonstrate that Dr. Baker was deliberately indifferent to Plaintiff's medical needs.

Further, the Magistrate Judge properly reviewed Plaintiff's medical records, which definitively show that Plaintiff received adequate and timely treatment for his injured hand.    According to the medical records, Plaintiff presented to the medical department and was placed on 23-hour observation in the infirmary, where an Ace wrap and a splint was applied to Plaintiff's right hand.    (Motion to Dismiss, Attachment, Progress Notes, 8/25/01).    He was scheduled for follow-up with a physician for the following day (Id.).    He remarked "I'm all right" and declined medication or ice and stated that he wanted to rest; he had no voiced complaints.    (Id. at 8/26/01).    While in the infirmary, Plaintiff was evaluated by Dr. David Bashline, who scheduled Plaintiff for an x-ray (Id.).    Again, Plaintiff stated "I'm fine" and the inmate was released from the infirmary with no voiced complaints (Id.).    Plaintiff    had an onsite x-ray on August 27, 2001, which was positive for a minimally displaced

fourth metacarpal head fracture and which was reviewed by the orthopedic specialist at Millcreek Community Hospital.  (Motion to Dismiss, Attachment, Consultation Records 8/27/01).  The orthopedic specialist ordered that the splint be applied to Plaintiff's right forearm and hand, and that the inmate should "rest/ice/elevate sling, keep splint dry" and that the specialist would follow up with the patient in the ortho clinic on 9/5/01 at 2:15 p.m.  (Id.).

The medical department was unable to schedule the patient offsite due to scheduling and security concerns (Motion to Dismiss Attachment, Progress Notes, 9/4/01).  As Plaintiff could not be scheduled offsite for the orthopedic clinic with Dr. Ferretti, Rebecca Gould, Clinical Specialist, spoke with Dr. Ferretti's staff regarding this issue and Dr. Ferretti agreed to evaluate Plaintiff onsite at SCI-Albion on Friday, September 14, 2001 during the orthopedic clinic (Id.).  On September 14, 2001, Plaintiff failed to show up for his appointment with Dr. Ferretti onsite at the orthopedic clinic at SCI-Albion (Progress Notes, 9/14/01).  Clinical Specialist Rebecca Gould noted, "per Dr. Ferretti, patient is to be scheduled offsite at Millcreek Community Hospital Ortho Clinic for her within 2 weeks."  (Id.).  The patient was rescheduled to see Dr. Ferretti on September 26, 2001 at Millcreek Community Hospital. (Id. at 9/17/01).  In the meantime, due to Plaintiff's "no show" for his onsite appointment with Dr. Ferretti, on September 20, 2001, Dr. Ferretti reviewed  Plaintiff's medical chart with physicians assistant Tammy Mowry after discussing Plaintiff's case "at length" (Id. at 9/20/01). Dr. Ferretti instructed that an x-ray w be taken onsite at SCI-Albion then transported to Millcreek Community Hospital ("MCH") for review due to security issue of non-emergent outside trips (Id.).  Plaintiff did not show up for sick call on September 21, 2001 with Physician's Assistant Telega (Id. at 9/21/01).  However, later that day, Plaintiff presented to PA Telega demanding that a cast be put

on his right hand (Id.).  Plaintiff admitted to taking off his splint to clean his hand on a regular basis.  The x-ray to be taken to Dr. Ferretti's office for review at Millcreek Community Hospital was completed and PA Telega reported that the patient was to be "rescheduled for treatment plan in near future, continue splint until then; patient voiced understanding."  (Id.).

Dr. Ferretti reviewed Plaintiff's x-rays taken on September 21, 2001 and reported that Plaintiff's hand was "healing well" and that there was "**no medical necessity to send [the] patient offsite.**"    (Id. at 10/1/01)(emphasis added). Plaintiff's offsite appointment on September 26, 2001 with Dr. Ferretti was rescheduled for October 12, 2001 at an onsite clinic at SCI-Albion and an x-ray was taken. (Id. at 10/12/01).  On October 25, 2001, the Plaintiff appeared for sick call requesting physical therapy for his hand (Id. at 10/25/01).  Pain medication in the form of Motrin was ordered and Plaintiff was instructed regarding physical therapy exercises (Id.).  The x-ray taken on October 12, 2001 was compared to the previous films taken on September 21, 2001.   Although the x-ray showed "progressive moderately healed fractures at the base of the fourth and fifth metacarpals," the x-ray was noted to be "not clinically significant" and showed moderately healed fractures. (Motion to Dismiss, Attachment, X-ray Report, 10/12/01).  A more recent x-ray taken on March 18, 2004 showed, "No acute fracture or significant deformity.  No significant arthritic changes."  (Id., X-ray Report, 3/18/04).  The x-ray taken on March 29, 2004 was also "not clinically significant."  (Id., X-ray Report, 3/29/01).

Plaintiff has failed to produce any evidence whatsoever that Dr. Baker was deliberately indifferent to his medical needs, and the medical records show that Plaintiff received a great deal of treatment for his condition.  Plaintiff was given an ample opportunity to come forward with evidence to the contrary, and clearly has

4

failed to provide any evidentiary support for his bald assertions.    As such, the Magistrate Judge properly recommended that summary judgment be entered in favor of Dr. Baker.

### IV.    **CONCLUSION**

For all of the above-stated reasons, Defendant, Mark Baker, D.O., respectfully requests that Plaintiff's Objections to the Magistrate Judge's Report and Recommendation be overruled, and that summary judgment be granted in his favor.

Respectfully submitted,

PIETRAGALLO, BOSICK & GORDON

_/S/ Elizabeth M. Yanelli_____
ELIZABETH M. YANELLI, ESQUIRE
Pa. I.D. #86932
One Oxford Centre, 38th Floor
Pittsburgh, PA  15219

(412) 263-2000

*Attorney for Defendant,*
*Mark Baker, D.O.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT** was served via United States First-Class Mail, postage prepaid, this 11th day of August, 2005, upon:

Tyrone Green - EP-4593
SCI Smithfield
1120Pike Street
P.O. Box 9999
Huntingdon, PA 16652

Scott Bradley, Esquire
Sr. Deputy Attorney General
Litigation Section
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219

_/S/ Elizabeth M. Yanelli_____
ELIZABETH M. YANELLI, ESQUIRE
Pa. I.D. No. 86932

PIETRAGALLO, BOSICK & GORDON
The Thirty-Eighth Floor
One Oxford Centre
Pittsburgh, PA  15219
(412) 263-2000

*Attorney for Defendant,*
*Mark Baker, D.O.*