IN THE UNITE STATES DISTRICT COURT
OF THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Tyrone Green | : CA. No.#03-149-Erie |
|     Plaintiff | :  District Judge McLaughlin |
| | : Magistrate Judge Baxter |
|   Vs. | : |
| Martin Horn ET. AL. | : |

**AMENDED OBJECTION TO MAGISTRATE'S R&R**

Plaintiff first would like to apologize for the harsh language in Plaintiff objection brief filed on 8-04-05, The brief was rushed to meet the ten (10) day deadline and was put together by another inmate.

In short, Plaintiff humbly submit that our magistrate miss some very important points. In Plaintiff's objection brief the medical records marked exhibit 2 states: that on 8-27-01 Plaintiff send to Millcreek Hospital for casting security to be notified." Because of the two day delay and the immense swelling to Plaintiff's hand Millcreek Hospital's Dr. Ferretti was unable to cast Plaintiff's hand so Plaintiff was rescheduled.

Exhibit (7) of Plaintiff's objection brief the medical records states that on 8-27-01 (later that day) at 10:28 a.m. Plaintiff scheduled off site Millcreek Hospital this

day Security notified."

Exhibit (7) Also shows that on 9-04-01 Plaintiff was scheduled on site Dr. Ferretti on 9-04-01 unable to schedule patient off site due to security and scheduling concerns, spoke to "Dr. Ferretti's staff." (This was concerning Plaintiff's scheduling only) Dr. Ferretti on 9-14-01 and 9-17-01 again try to schedule Plaintiff off site and Plaintiff was not transported.

In our Magistrate's R&R on page 7, our Magistrate states: The record indicates that prison staff discussed the rescheduled of the follow-up appointed with Dr. Ferretti's staff. Plaintiff humbly submit that the medical record clearly shows numerous rescheduled appointments due to scheduling and security concerns. The Defendants offers no sound reason to justify the scheduling and security concerns. The SCI-Albion medical staff never discuss the condition of Plaintiff's hand with Dr. Ferretti "Personally" until after the third rescheduling, by then Plaintiff hand had began healing and on September 26, 2001 four weeks after Plaintiff injury it was then determined it would be a non-emergent trip to MCH. It was not the Physicians medical decision not to send Plaintiff to Millcreek Hospital, it was security's refusal to transport Plaintiff. In fact, both SCI-Albion medical staff and Dr. Ferretti's staff tried to have Plaintiff transported to Millcreek Hospital but was unable to for no reasons of they're own, but because of security and scheduling concern.

Plaintiff humbly ask our magistrate to defer her Honor's R&R until the medical records is from Millcreek Hospital is retrieved as well as a reason SCI-Albion's security

disregarded its own medical staff as well as Millcreek Hospital order to send Plaintiff to Millcreek for casting. Scheduling and security concerns is a non-medical reason and thus SCI-Albion security was deliberately indifferent to Plaintiff prescribed medical needs by denying to transport Plaintiff to Millcreek Hospital as scheduled by prison and Millcreek medical staff.

In Closing, Millcreek Hospital has along history with SCI-Albion medical staff and is well aware of the type of care Albion medical staff can and can not administer to a patient, casting is one of the things Albion's medical staff is unable to do. Thus since Millcreek medical staff along with SCI-Albion medical staff scheduled Plaintiff on numerous occasions for off site treatment at Millcreek Hospital shows that SCI-Albion did not have the means to administer the type of treatment Plaintiff needed, namely casting or Plaintiff would have been scheduled on site at Albion after his first trip to Millcreek. For the reason above Plaintiff ask our magistrate to defer her Honor's R&R.

### UNSWORN DECLARATION

I, **Tyrone Green** swear on this day 8-06-05 that a true copy of said Amended objection was served to all Defendants attorney's via institutional mail.

8-06-05

(S) *Tyrone Green*