IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE GREEN | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 03-149 Erie |
| | ) | District Judge McLaughlin |
| MARTIN HORN, et al. | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

## MEMORANDUM ORDER
**Procedural History**

On May 2, 2003, Plaintiff, a state prisoner appearing *pro se*, filed the instant civil rights action. This matter was assigned to United States District Judge Sean J. McLaughlin and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

On July 27, 2005, Magistrate Judge Baxter issued a Report and Recommendation recommending that this case be dismissed. Document # 66.

Plaintiff filed Objections to the Report and Recommendation. Documents # 67 and 69. Defendant Baker has filed a response to Plaintiff's Objections [Document # 68], but the Commonwealth Defendants have not filed a response.

### *De Novo* Review

Plaintiff alleges that following a fall he was denied prescribed followup medical treatment (in the form of a permanent cast for a broken hand) in violation of his Eighth Amendment rights. In his original complaint, Plaintiff explains:

> On August 26, 2002, Plaintiff was transported to Millcreek Hospital wherein Plaintiff was issued a temporary cast which was placed upon Plaintiff's broken hand. Plaintiff was given said temporary cast due to the immense swelling in his

1

> right hand.  Plaintiff was scheduled by attending physicians to have the temporary cast removed in two (2) days to have [been] replaced with full cast. Plaintiff was never rescheduled or transported back to Millcreek Hospital for his replaced cast by the institution. ...  The Institution's medical department failed to adhere to physicians instructions for returning Plaintiff for his intended full cast.

Document # 1.

In her Report and Recommendation, Magistrate Judge Baxter specifically noted that the illegible medical records provided by Defendants (as well as the lack of an affidavit summarizing the medical records) hampered her analysis.  Magistrate Judge Baxter then concluded that Plaintiff had not raised a triable issue of fact with respect to his allegations of deliberate indifference because he had received repeated medical care for his hand and because there was nothing in the medical records which specifically indicated that Plaintiff's hand needed to be cast after the swelling subsided.  Document # 66, page 9.

In his Objections, Plaintiff argued that there is a notation in the medical records which reads: "Patient is to be sent to Millcreek Hospital via state corrections for casting."  That notation in the medical records is signed by Physician's Assitant Telega, a Department of Corrections' employee.  Document # 67, pages 2 and 13.  This reading of the notation is uncontradicted by Defendants.

In his Objections, Plaintiff also complains that the medical record is not complete as the files from Millcreek Hospital are missing and he complains that Dr. Baker has not responded to his discovery requests dated June 16, 2005.  Id.

In light of the previously described medical record, as well as the lack of a response from Defendant Dr. Baker to Plaintiff's requests for discovery, the motions to dismiss or for summary judgment must be denied.

AND NOW, this 7th day of September, 2005;

Following a *de novo* review of the record in this case, IT IS HEREBY ORDERED that the pending motions to dismiss or for summary judgment [Documents # 51, 58 and 60] are DENIED.  The Report and Recommendation by Magistrate Judge Baxter is not adopted as the opinion of this Court.

IT IS FURTHER ORDERED that this case is referred back to Magistrate Judge Baxter for further pre-trial proceedings.

S/ Sean J. McLaughlin
SEAN J. MCLAUGHLIN
UNITED STATES DISTRICT JUDGE
