IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE GREEN, | : | CA. No. 03-149 Erie |
| | : | |
| Plaintiff, | : | |
| | : | District Judge McLaughlin |
| vs. | : | |
| | : | Magistrate Judge Baxter |
| MARTIN HORN, ET AL. | : | |
| | : | |
| Defendant. | : | |

## ANSWER AND AFFIRMATIVE DEFENSES TO
## PLAINTIFF'S AMENDED COMPLAINT

AND NOW COMES Defendant, Mark Baker, D.O., by and through his attorneys Elizabeth M. Yanelli, Esquire, and Pietragallo, Bosick & Gordon, and files this Answer and Affirmative Defenses to Plaintiff's Amended Complaint as follows:

1.    After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in ¶ 1 of Plaintiff's Amended Complaint and the same are therefore denied.

2.    The allegations set forth in ¶ 2 of Plaintiff's Amended Complaint are admitted only to the extent that they are consistent with Plaintiff's medical records. To the extent that the allegations of ¶ 2 of Plaintiff's Amended Complaint are inconsistent with the medical records, the allegations are denied.

3.    Denied. To the contrary, Plaintiff was transported to Millcreek Hospital on August 27, 2001 where Plaintiff received a splint and a sling.

4.    The allegations set forth in ¶ 4 of Plaintiff's Amended Complaint are admitted only to the extent that they are consistent with Plaintiff's medical records. To the extent that the allegations are inconsistent with Plaintiff's medical records, the allegations are denied.

5.    Denied.  To the contrary, according to Plaintiff's medical records from Millcreek Community Hospital, a follow-up appointment was scheduled for September 5, 2001 and no permanent cast was ordered for Plaintiff's hand by the physicians at Millcreek.

6.    Admitted  By way of further response, the inmate was scheduled for an onsite visit with Dr. Tony Ferretti on 9/14/01 during the orthopedic clinic.  Plaintiff failed to appear for the orthopedic clinic.  An off-site appointment was scheduled with Dr. Ferretti was scheduled to take place on 9/26/01 and this appointment was rescheduled by Dr. Tony Ferretti to take place as an onsite visit on 10/12/01.  By way of further response, the medical record, which speaks for itself, states that Dr. Ferretti reviewed x-rays of Plaintiff's hand taken on 9/21/01 and determined that the Plaintiff's hand was "healing well – no medical necessity to send patient off-site "

7.    Admitted in part, denied in part  It is admitted that Plaintiff was not transported back to Millcreek Community Hospital for follow-up care.  The remaining allegations of ¶ 7 of Plaintiff's Amended Complaint are denied.  Plaintiff's medical records speak for themselves and Dr. Tony Ferretti agreed to treat and evaluate the patient onsite at SCI-Albion.  After reviewing x-rays of Plaintiff's hand, Dr. Ferretti determined that there was no medical necessity to transport the Plaintiff back to Millcreek for follow-up care.

8.    Denied.  To the contrary and by way of further response, Defendant incorporates ¶ 7 of his Answer above as if the same were set forth at length herein.

9.    The allegations set forth in ¶ 9 constitute conclusions of law to which no response is required  To the extent a response is deemed necessary, the allegations are denied.

10.    As to the allegations that Plaintiff's injuries are the result of any act or omission on the part of Dr. Baker, said allegations are denied. As to the remaining allegations set forth in ¶ 10 of Plaintiff's Amended Complaint, after reasonable investigation Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in ¶ 10 and the same are therefore denied.

11.    After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in ¶ 11 of Plaintiff's Amended Complaint and the same are therefore denied.

12.    The allegations set forth in ¶ 12 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

WHEREFORE, Defendant, Mark Baker, D.O., denies that he is liable to Plaintiff in any amount whatsoever and demands judgment in his favor and against Plaintiff.

## AFFIRMATIVE DEFENSES

13.    Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

14.    Plaintiff's claims against Dr. Mark Baker are barred by the applicable statute of limitations.

15.    Dr. Baker acted in good faith at all relevant times.

16.    Plaintiff's claimed injuries and/or damages, if any, were the result of conduct of individuals and/or entities not within Dr. Baker's control.

17.    Dr. Baker did not act with deliberate indifference to Plaintiff's medical needs.

18.    Dr. Baker is immune from suit with respect to Plaintiff's claims.

19.    Upon information and belief, no casting of Plaintiff's hand was ordered.

20.    According to Plaintiff's medical records, Dr. Tony Ferretti reviewed x-rays of Plaintiff's right hand and determined that Plaintiff's hand was healing well and there was no medical necessity to send the Plaintiff off-site for further treatment.

21.    Plaintiff failed to show up for scheduled medical appointments with the medical staff at SCI-Albion and with Dr. Tony Ferretti, Orthopedic Specialist.

22.    To the extent that the medical records reveal that Plaintiff failed to show up for scheduled medical appointments and evaluations and otherwise failed to follow medical advice, Plaintiff contributed to his alleged injuries and/or damages.

23.    Plaintiff was not ordered to return to Millcreek Community Hospital to receive a permanent cast.

WHEREFORE, Defendant, Mark Baker, D.O., denies that he is liable to Plaintiff in any amount whatsoever and demands judgment in his favor and against Plaintiff together with costs.

**JURY TRIAL DEMANDED**

PIETRAGALLO, BOSICK & GORDON


_/s/ Elizabeth M. Yanelli_____
ELIZABETH M. YANELLI, ESQUIRE
Pa. I.D. #86932
One Oxford Centre, 38th Floor
Pittsburgh, PA  15219

(412) 263-2000

*Attorney for Defendant,*
*Mark Baker, D.O.*

## V E R I F I C A T I O N

I, MARK BAKER, D O, have read the foregoing ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT. The statement therein are
correct to the best of my personal knowledge, information and belief. This statement and
Verification are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn
fabrication to authorities which provides that if I knowingly make false averments, I may
be subject to criminal penalties

MARK BAKER, D.O.

This ___1st___ day of ___October___, 2005.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT** was served via United States First-Class Mail, postage prepaid, this 4th day of October, 2005, upon:

Tyrone Green - EP-4593
SCI Smithfield
1120 Pike Street
P.O. Box 9999
Huntingdon, PA 16652


Scott Bradley, Esquire
Sr. Deputy Attorney General
Litigation Section
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219


   /s/ Elizabeth M. Yanelli
ELIZABETH M. YANELLI, ESQUIRE
Pa. I.D. No. 86932

PIETRAGALLO, BOSICK & GORDON
The Thirty-Eighth Floor
One Oxford Centre
Pittsburgh, PA 15219
(412) 263-2000

*Attorney for Defendant,*
*Mark Baker, D.O.*