IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Tyrone Green                    -   Ca, No. o3149- Erie
   Plaintiff                -   District Judge Mclauglin
  V.                          -   Magistrate Judge Baxter
Martin Horn, et al.             -

AMENDED COMPLAINT ADDING

<u>NEW DEFENDANTS AND DAMAGES</u>

Plaintiff would humbly like to add physician's assistant telega, employed by S.C.I Albion medical Department.

Pa Telega pre-maturely confasated plaintiff splint while plaintiffs hand was still broken. Pa Telega did so without Dr. ferrettis approval, Thus causing plaintiff severe pain and discomfort and prolong the healing process causing further damage to plaintiffs hand. Pa Telega stated to Plaintiff that Plaintiff had three strikes against for not getting transported, and that was because Plaintiff was, black, convict and gay; per security

There is no prejudice to the defendants, because there is no new claim or allegation. On page 3, of plaintiff's amended complaint plaintiff put the defendant on notice of the above event. plaintiff is just adding the person's name who was responsible. Plaintiff was unable to read the medical records pertaining to this event until defendant Baker filed its motion to dismiss plaintiff's amended petition.

## AMENDMENT TO DAMAGES SOUGHT

For the charges presented to this court concerning the total complaint. Plaintiff seeks to be rewarded the following paid by each defendant or the agency they work for;

1) pain and suffering $200,000
2) Neglances $200,000
3) Punitive damages $200,000
4) Compensatory $65,000

5) Declartory damages; whatever our Honor deems fit.
6) Discrimination; $500,000
7) Cruel and unusual punishment; $100,000 and sentence reduction for violation of double jeopardy by plaintiff twice being punished in state custody.

Certificate of Service

I hereby certify that a true and correct copy of the foregoing Original Complaint, Amended Complaint and Propose Amended complaint was served via Institutional mail this day of 10-5-05 upon:

Scott Bradley, Esquire
Litigation Section
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

Elizabeth M. Yanell, Esquire
The Thirty-Eighth Floor
One Oxford Centre
Pittsburgh, PA 15219

Date: 10-5-05        (S) Tyrom Green

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF PENNSYLVANIA.

Tyrone Green
    (PLAINTIFF)

V

Martin Horn,
Dr. Mark Baker,
William Barr and Captain of S.C.I
Albion Security (John Doe), Et Al,

C.A. No. 03-149 Erie

## Amended Complaint

1). On 8-25-01 Plaintiff was exiting the shower, when he slip and fell in a puddle of soap and water.
2). As a result of Plaintiff slip and fall, he broke two bones in his right hand.
3). On 8-26-01, Plaintiff was transported to Millcreek Hospital, wherein Plaintiff was issued a temporary cast which was placed on Plaintiff's hand.
4). Plaintiff was given said temporary cast due to the immense swelling in his right hand.
5). Plaintiff was scheduled by the Physician(s) at Millcreek to return in two(2) days once the swelling subdued, so that a permanent cast could be placed on Plaintiff'S hand to stablize the two broken bones.
6). The Plaintiff was never returned to Millcreek Hospital for his scheduled follow-up care.
7). The medical records provided to Plaintiff states; for "scheduling and security concerns" Plaintiff was not transported back to Millcreek for follow-up care.
8). The denial to allow Plaintiff's scheduled follow-up care by defendants Barr, Baker, Security Capt. John Doe (was for non-medical reasons).
9). The actions of defendants Baker, Barr, and Security Capt. John Doe was deliberately indifference to Plaintiff serious medical need.
10). As a result of defendants actions, Plaintiff's hand was never stablized during it's healing process, thus putting Plaintiff in severe pain.

11). Plaintiff is now on daily medication orthritus.

12). The actions of defendants, Baker, Barr and John Doe in deny Plaintiff follow-up medical care constitute deliberate indefference to a serious medical need under the law of Pennsylvania.

Wherefore, Plaintiff request that the court grant the following relief:

A. Issue a declaratory judgment stating that:
The denial of follow-up medical treatment to Plaintiff by defendants Barr, Baker and John Doe violated Plaintiff 8th and 14th Amendment and constitute deliberate indifference under the State and Federal law.

B. Award compensatory damages in the following amount:
$100,000 jointly and severally against defendants Barr, Baker, Security Capt. John Doe for physical and emotional injuries sustained as a result of Plaintiff being denied follow-up medical care.

## UNSWORN DECLARATION

I, Tyrone Green hereby sware that the said Amended complaint and response to defendants motion to dismiss is true, and is being served to the Attorney of defendants on this date  /-18-05

C.C. Robert S. Englesburg
   564 Forbes Ave
   Manor Complex
   Pittsburgh, PA 15219

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Name and address of Plaintiff:
MR. TYRONE GREEN    EP-4593
10745- ROUTE 18
ALBION, PENN., 16475-0002

v.

Full name, title, and business address
of each defendant in this action:
1. MR. MARTIN F. HORN; FORMER SECRETARY OF D.O.C.
   2520 LISBURN RD., P.O. BOX 598
   CAMP HILL, PENN., 17001-0598

2. MR. JEFFREY A. BEARD, Ph.D.; SECRETARY OF D.O.C.
   2520 LISBURN RD., P.O. BOX 598
   CAMP HILL, PENN., 17001-0598
(use additional sheets, if necessary. DEFENDANTS CONT. NEXT PAGES
Number each defendant.)

Plaintiff brings this action against the above named and identified defendants on the following cause of action:

I.   Where are you now confined? STATE CORRECTIONAL INSTITUTION OF ALBION.

     What sentence are you serving? LIFE.

     What court imposed the sentence? WEST CHESTER COUNTY COURT.

II.  Previous Lawsuits
     A. Describe any and all lawsuits in which you are a plaintiff which deal with the same facts
        involved in this action. (If there is more than one lawsuit, describe the additional lawsuits
        on another piece of paper, using the same outline.)

     1. Parties to the previous lawsuit

        Plaintiffs: NO

        Defendants  NO

        2. Court (if federal court, name the district; if state court, name the county) and docket number.

                    NONE

3. MRS. CATHERINE MCVEY, DIRECTOR OF BUREAU OF HEALTH CARE SERVICES
2520 LISBURN RD. P.O. BOX 598
CAMP HILL, PENN., 17001-0598

4. MR. EDWARD T. BRENNAN, FORMER SUPERINTENDANT OF S.C.I.-ALBION
P0745, ROUTE-18
ALBION, PENN., 16475-0002

5. MR. WILLIAM J. WOLFE, SUPERINTENDANT OF S.C.I.-ALBION
10745, ROUTE-18
ALBION, PENN., 16475-0002

6. MRS. MAXINE OVERTON, CORRECTIONS HEALTH CARE ADMINISTRATOR
10745, ROUTE-18
ALBION, PENN., 16475-0002

7. MR. RICK ROGLE, INSTITUTIONAL SAFETY MANAGER
10745, ROUTE-18
ALBION, PENN., 16475-0002

8. MR. TIM HAMETZ, INSTITUTIONAL HOUSING UNIT MANAGER
10745, ROUTE-18
ALBION, PENN., 16475-0002

9. ANY ET. AL. DEFENDANTS NOT LISTED HEREIN THAT ARE A SUPERVISING AGENCY OR CONTRACTOR OUTSIDE THE DEPT. OF CORR. FOR WHOM ANY LISTED DEFENDANT WAS OR IS AN EMPLOYEE OR REPRESENTATIVE THEREOF.

1. DEFENDANT, MR. TIM HAWKETZ IS THE UNIT MANAGER FOR F-UNIT, EMPLOYED AT S.C.I.-ALBION. HE IS GENERALLY RESPONSIBLE FOR THE CARE, CUSTODY, AND CONTROL OF ALL INMATES HOUSED ON HIS HOUSING UNIT. HE IS BEING SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES.

2. DEFENDANT, MR. RICK FOGLE IS THE INSTITUTION'S SAFETY MANAGER, EMPLOYED AT S.C.I.-ALBION. HE IS GENERALLY RESPONSIBLE FOR INSURING THE SAFETY OF THE INSTITUTION, ADMINISTRATION AND/OR EMPLOYEES, AND INMATES. HE ASSUMES THE RESPONSIBILITY OF INVESTIGATING SITUATIONS AND/OR REPORTS WHERE SAID MENTIONED INDIVIDUALS' SAFETY IS PLACED IN IMMEDIATE OR EMINATE DANGER. HE IS BEING SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES.

3. DEFENDANT, MRS. MAXINE OVERTON IS THE INSTITUTION'S CORRECTIONS HEALTH CARE ADMINISTRATOR EMPLOYED AT S.C.I.-ALBION. SHE IS GENERALLY RESPONSIBLE FOR ENSURING THE PROVISIONS OF MEDICAL CARE FOR PRISONERS, FOR SCHEDULING MEDICAL APPOINTMENTS OUTSIDE THE INSTITUTION WHEN AN INMATE NEEDS SPECIALIZED TREATMENT OR EVALUATIONS AND IS THE ASSIGNED GRIEVANCE OFFICER FOR GRIEVANCES PERTAINING MEDICAL CONCERNS. SHE IS BEING SUED IN HER INDIVIDUAL AND OFFICIAL CAPACITIES.

4. DEFENDANTS, MR. EDWARD T. BRENNAN-FORMER SUPERINTENDANT-AND MR. WILLIAM J. WOLFE, SUPERINTENDANT; BOTH FORMER AND CURRENT SUPERINTENDANTS WERE/ARE RESPONSIBLE FOR THE OVERALL

1.a.

CARE, CUSTODY, AND CONTROL AND MANAGEMENT OF ALL INMATES HOUSED WHILE AT S.C.I.-ALBION. THEY ARE BOTH BEING SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

5. DEFENDANT, MRS. CATHERINE McVEY, IS THE DIRECTOR OF BUREAU OF HEALTH CARE SERVICES OF THE DEPARTMENT OF CORRECTIONS WHO IS GENERALLY RESPONSIBLE FOR THE HEALTH CARE SERVICES ADMINISTERED TO INMATES THROUGHOUT THE DEPARTMENT OF CORRECTIONS. SHE IS BEING SUED IN HER INDIVIDUAL AND OFFICIAL CAPACITIES.

6. DEFENDANTS, MR. MARTIN F. HORN - FORMER SECRETARY OF THE D.O.C. - AND MR. JEFFREY A. BEARD, Ph.D., SECRETARY OF D.O.C.; BOTH FORMER AND CURRENT SECRETARYS OF THE DEPARTMENT OF CORRECTIONS WERE/ARE RESPONSIBLE FOR THE CARE, CUSTODY, CONTROL, AND MANAGEMENT OF ALL INMATES THROUGHOUT THE ENTIRE DEPARTMENT OF CORRECTIONS. BOTH ARE BEING SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

7. ANY ET. AL. DEFENDANTS NOT LISTED HEREIN THAT ARE A SUPERVISING AGENCY OR CONTRACTOR OUTSIDE THE DEPARTMENT OF CORRECTIONS FOR WHOM ANY LISTED DEFENDANT WAS/IS AN EMPLOYEE OR REPRESENTATIVE THEREOF. THEY ARE BEING SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

l.b.

3. Name of judge to whom case was assigned __NONE__

4. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?) __NONE__
   __NONE__

5. Approximate date of filing lawsuit __NONE__

6. Approximate date of disposition __NONE__

B. Prior disciplinary proceedings which deal with the same facts involved in this action:

   Where? __NONE__
   When? __NONE__
   Result: __NONE__

III. What federal law do you claim was violated? __The EIGHTH (8th) & Fourteenth (14th) Amendments of the United States Constitution.__

IV. Statement of Claim

   (State here as briefly as possible the facts of your case. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheet if necessary.)

   A. Date of event: __August 25, 2001.__

   B. Place of event: __S.C.I.-Albion, F.A Housing Unit Shower Area.__

   C. Persons involved--name each person and tell what that person did to you: 1. On August 25, 2001, Plaintiff was exiting the shower when he slipped and fell due to collected water in and around the shower area. As a result of Plaintiff's slip and fall, he broke two (2) bones in his right hand. There was NO mats or any other sort to prevent this accident. 2. On August 26, 2001, Plaintiff was transported to Millcreek Hospital wherein Plaintiff was issued a temporary cast which was placed upon Plaintiff's broken hand. Plaintiff was given said temporary cast due to the immense swelling in his right hand. Plaintiff was scheduled by tending physician(s) to have the temporary cast removed in two (2) days to have replaced with full cast. Plaintiff was never rescheduled or transported back to Millcreek Hospital for his replaced cast by the institution.

STATEMENT OF CLAIMS CONT.

DISCUSSED THE ALLEGATIONS SURROUNDING PLAINTIFF'S GRIEVANCE AND AT THE CONCLUSION OF THE MEETING, PLAINTIFF VIEWED THE GRIEVANCE AS BEING UNRESOLVED.

4. PLAINTIFF RECIEVED THE INITIAL REVIEW RESPONSE FROM MR. TIM NAMETZ ACKNOWLEDGING THAT PLAINTIFF DID INFACT FALL AND THAT PLAINTIFF'S SUGGESTION OF PLACING MATS ON THE FLOORS IN AND AROUND THE SHOWER WARRENTED MERIT "IF THERE IS A HIGH INCIDENCE OF SLIPS ON THE CERAMIC TILES." MR. TIM NAMETZ SUPPOSEDLY FORWARDED A COPY OF PLAINTIFF'S GRIEVANCE TO THE INSTITUTION'S SAFETY MANAGER, MR. RICK FOBLE FOR FURTHER REVIEW. PLAINTIFF HAS NOT RECIEVED ANY NOTICES OF THE SAFETY MANAGERS' REVIEW. PLAINTIFF APPEALED THE GRIEVANCE OFFICER'S RESPONSE TO THE SECRETARY'S OFFICE OF INMATE GRIEVANCES AND APPEALS.

5. ON SEPTEMBER 25, 2001, PLAINTIFF FILED ANOTHER GRIEVANCE CITING THAT MILLCREEK HOSPITAL ISSUED HIM A TEMPORARY CAST WITH INSTRUCTIONS FOR PLAINTIFF TO BE RETURNED TO THE HOSPITAL FOR A FULL CAST. THE INSTITUTION'S MEDICAL DEPARTMENT FAILED TO ADHERE TO PHYSICIANS INSTRUCTIONS FOR RETURNING PLAINTIFF FOR HIS INTENDED FULL CAST. PLAINTIFF IS NO MEDICAL PHYSICIAN BUT, HAS ENOUGH COMMON SENSE TO KNOW THAT THE PRESENT CONDITION OF HIS RIGHT HAND IS DUE TO THE LACK OF RESPONSIBILITY ON THE BEHALF OF THE INSTITUTION'S MEDICAL DEPARTMENT. PLAINTIFF IS NOW ON daily medication.

6. PLAINTIFF'S GRIEVANCE DATED SEPTEMBER 25, 2001, WAS FORWARDED TO GRIEVANCE OFFICER, MRS. MAXINE OVERTON, WHO THEN SCHEDULED TO MEET WITH PLAINTIFF ON THE ALLEGATION(S) RAISED WITHIN HIS

2.a.

STATEMENT OF CLAIMS CONT.

GRIEVANCE. PLAINTIFF ADAMENTLY EXPRESSED HIS CONCERN IN BEHALF OF THE LACK OF RESPONSIBILITY BY THE INSTITUTION'S MEDICAL DEPARTMENT'S IMPROPER JUDGEMENT TO NOT SEND PLAINTIFF BACK TO MILLCREEK HOSPITAL FOR FURTHER MEDICAL TREATMENT AND A FULL CAST. PLAINTIFF'S REVIEW OF HIS ALLEGATION(S) RAISED IN HIS GRIEVANCE WERE UNRESOLVED AND PLAINTIFF HAS NOT RECIEVED AN INITIAL REVIEW RESPONSE FROM MRS OVERTON.

7. ON SEPTEMBER 30, 2001, PLAINTIFF AGAIN FILED A GRIEVANCE REGARDING TO THE LACK OF PROPER MEDICAL TREATMENT FOR HIS BROKEN HAND AND HOW THE UNIT MANAGER OF PLAINTIFF'S HOUSING UNIT SHOULD HAVE, BUT FAILED TO INSTALL SAFETY PRECAUSIONS TO PREVENT FURTHER ACCIDENTS. PLAINTIFF'S GRIEVANCE WAS RETURNED BY GRIEVANCE COORDINATOR, MR. BILL BARR, AS BEING PREVIOUSLY ADDRESSED.

8. ON OCTOBER 22, 2001, PLAINTIFF RECIEVED A RESPONSE FROM THE SECRETARY'S OFFICE OF INMATE GRIEVANCES AND APPEALS FROM MRS. TSHANNA C. KYLER DENYING PLAINTIFF'S GRIEVANCE HE APPEALED DATED SEPTEMBER 12, 2001, REASONING FOR SAID DENIAL WAS DUE TO THE FACILITY MANAGER'S RESPONSE NOT BEING INCLUDED.

9. PLAINTIFF THEN SENT AN INMATE REQUEST SLIP, ON OCTOBER 22, 2001, TO THE MEDICAL DEPARTMENT/MRS. OVERTON/ EXPRESSING HIS CONCERNS ABOUT THE CONDITION OF HIS BROKEN HAND AND THE IMPROPER TREATMENT. PLAINTIFF STATED HE WAS EXPERIENCING PAIN AND LACK OF MOBILITY. TO DATE HE HAS NEVER RECIEVED A RESPONSE.

2.b.

## RELIEF

A. ISSUE A DECLARATORY JUDGEMENT STATING THAT:

1. THE DENIAL OF ADEQUATE MEDICAL TREATMENT TO THE PLAINTIFF BY DEFENDANTS OVERTON, MCVEY, AND ET. AL. DEFENDANTS DID INFACT VIOLATED PLAINTIFF'S RIGHTS UNDER THE EIGHTH & Fourteenth AMENDMENT TO THE UNITED STATES CONSTITUTION AND CONSTITUTED A DELIBERATE INDIFFERENCE UNDER THE STATE AND/OR FEDERAL LAW;

2. DEFENDANTS BRENNAN, WOLFE, HORN, AND BEARD'S FAILURES TO TAKE ACTION TO CURB THE DENIAL OF ADEQUATE MEDICAL TREATMENT TO PRISONERS VIOLATED PLAINTIFF'S RIGHTS UNDER THE EIGHTH & Fourteenth AMENDMENT TO THE UNITED STATES CONSTITUTION AND CONSTITUTED DELIBERATE INDIFFERENCE UNDER STATE AND/OR FEDERAL LAW;

3. DEFENDANT HAMETZ AND FOGLE'S FAILURE TO PROVIDE REASONABLE SAFETY AND PROVIDE REASONABLE SAFE LIVING AND WORKING ENVIRONMENTS TO PRISONERS VIOLATED PLAINTIFF'S RIGHTS UNDER THE EIGHTH & Fourteenth AMENDMENT TO THE UNITED STATES CONSTITUTION AND CONSTITUTED A DELIBERATE INDIFFERENCE UNDER STATE AND/OR FEDERAL LAW;

B. ISSUE AN INJUNCTION ORDERING DEFENDANTS WOLFE, FOGLE, OR THEIR AGENTS TO:

1. IMMEDIATELY ARRAINGE FOR RUBBER MATS TO BE PLACED ON ALL FLOORS IN ALL HOUSING UNIT SHOWER AREAS, DINING

3.a.

HALL AREAS, LOBBIES, AND ALL INMATE WORK AREAS THAT CONTAIN POTENTIAL FOR FUTURE POSSIBLE SAFETY HAZARDS;

 2. CARRY OUT WITHOUT DELAY ANY AND ALL OTHER SAFETY MEASURES AND PRECAUTIONS DEEMED NECESSARY TO GUARANTEE INMATE'S SAFETY IN THE INSTITUTION.

C. ISSUE AN ORDER FOR AN INJUNCTION ORDERING DEFENDANT BEARD TO:

 1. MANDATE THAT DEFENDANT BEARD CONSTRUCT AND IMPLIMENT A DEPARTMENT OF CORRECTION POLICY FOR WHICH TO INSURE INMATE HEALTH AND SAFETY IN ALL ASPECTS OF INSTITUTIONAL HOUSING OF INMATES THROUGHOUT THE DEPARTMENT OF CORRECTIONS.

D. AWARD COMPENSATION FOR COMPENSSATORY DAMAGES IN THE FOLLOWING AMOUNTS:

 1. $100,000 JOINTLY AND SEVERALLY AGAINST DEFENDANTS HAMETZ AND FOGLE FOR PHYSICAL AND EMOTIONAL INJURIES SUSTAINED BY FAILURE TO PROVIDE REASONABLE SAFETY AND FAILURE TO PROVIDE REASONABLE SAFE LIVING AND WORKING ENVIRONMENTS TO INMATES;

 2. $300,000 JOINTLY AND SEVERALLY AGAINST DEFENDANTS OVERTON, MCVEY AND ET. AL. DEFENDANTS FOR PHYSICAL AND

EMOTIONAL INJURIES SUSTAINED FOR THE DENIAL OF ADEQUATE MEDICAL TREATMENT TO PLAINTIFF;

3. $300,000 JOINTLY AND SEVERALLY AGAINST DEFENDANTS HORN, BEARD, BRENNAN AND WOLFE FOR THE PHYSICAL AND EMOTIONAL INJURIES SUSTAINED IN CONNECTION WITH PLAINTIFF'S LACK OF REASONABLE SAFETY AND REASONABLE SAFE LIVING AND WORKING ENVIRONMENT AS WELL AS PLAINTIFF'S DENIAL OF ADEQUATE MEDICAL TREATMENT;

E. AWARD PUNITIVE DAMAGES IN THE FOLLOWING AMOUNT:

1. $300,000 EACH AGAINST DEFENDANTS NAMETZ AND FOGLE;

2. $300,000 EACH AGAINST DEFENDANTS OVERTON, MCVEY, AND ET. AL. DEFENDANTS;

3. $300,000 EACH AGAINST DEFENDANTS HORN, BEARD, BRENNAN AND WOLFE.

F. GRANT ANY OTHER SUCH RELIEF AS IT MAY APPEAR THAT PLAINTIFF IS ENTITLED.

3.C.

3. ON SEPTEMBER 12, 2001, PETITIONER FILED A GRIEVANCE WITH THE INSTITUTION'S GRIEVANCE COORDINATOR, MR. BILL BARR, WHO THEN FORWARDED SAID GRIEVANCE TO GRIEVANCE OFFICER, MR. TIM HAMETZ, INST. UNIT MANAGER, ON SEPTEMBER 13, 2001, FOR INVESTIGATION. MR. TIM HAMETZ AND PLAINTIFF

STATEMENT CONT. NEXT PAGES

V. Did the incident of which you complain occur in an institution or place of custody in this District? If so, where?
STATE CORRECTIONAL INSTITUTION OF ALBION
10745 - ROUTE 18; ALBION, PENN., 16475-0002
and answer the following questions:

A. Is there a prisoner grievance procedure in this institution? Yes (X) No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure? Yes (X) No ( )

C. If your answer is YES,

  1. What steps did you take? AFTER RECIEVING GRIEVANCE OFFICER'S INITIAL REVIEW REPORT I THEN APPEALED TO THE SECRETARY'S OFFICE OF INMATE GRIEVANCES AND APPEALS.

  2. What was the result? DENIED AS IMPROPERLY FILED.

D. If your answer is NO, explain why not: _____

E. If there is no prison grievance procedure in the institution, did you complain to prison authorities? Yes ( ) No ( )

F. If your answer is YES,

  1. What steps did you take? _____

  2. What was the result? _____

VI. Relief
State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statues.
WHEREFORE, PLAINTIFF REQUESTS THAT THE COURT AND JURY GRANT THE FOLLOWING RELIEF:

RELIEF CONT. NEXT PAGES.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

(Date)                                    (Signature of Plaintiff)

1.d