## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE GREEN, | }  |
| Plaintiff, | } |
| | } No. 03-149 Erie |
| vs. | } Judge McLaughlin |
| | } Magistrate Judge Baxter |
| MARTIN HORN, et al., | } |
| | } **Electronically Filed** |
| Defendants. | } |

### ANSWER

AND NOW, come the Defendants, Wolfe, Brennan, Overton, and Barr ("the Corrections Defendants"), by their attorneys, Thomas W. Corbett, Jr., Attorney General, Scott A. Bradley, Senior Deputy Attorney General, and Susan J. Forney, Chief Deputy Attorney General, Chief Litigation Section, and submits the following answer to Plaintiff's Amended Complaint:

### FIRST DEFENSE

The Corrections Defendants respond to Plaintiff's factual allegations as follows:

1. After reasonable investigation, the Corrections Defendants can neither affirm nor deny the allegations of Paragraph 1; therefore, the same are denied and strict proof is demanded at trial. However, it is admitted that Plaintiff informed Corrections staff that he had sustained an injury to his hand on August 25, 2001.

2. After reasonable investigation, the Corrections Defendants can neither affirm nor deny the allegations of Paragraph 2; therefore, the same is denied and strict proof is demanded at trial. However, it is admitted that Plaintiff informed Corrections staff that he had sustained an injury to his hand on August 25, 2001.

3. Paragraph 3 is admitted in part and denied in part. Paragraph 3 is admitted insofar as it alleges that Plaintiff was transported to Millcreek Community Hospital and treated for an injury to his hand; however, it is averred that this event occurred on August 27, 2001. The remainder of Paragraph 3, including the allegation that he was provided with a "temporary cast," is denied and strict proof is demanded at trial.

4. Paragraph 4 is denied as stated and strict proof is demanded at trial.

5. Paragraph 5 is denied as stated and strict proof is demanded at trial. To the contrary, Plaintiff's medical records show that he was originally scheduled for a follow up visit off site (at Millcreek Community Hospital) on September 5, 2001. However, this was rescheduled for September 14, 2001, as an on site visit at the institution, for which Plaintiff failed to show. Nevertheless, it is averred Plaintiff was provided with follow up care and treatment for his injury. Finally, it is further Plaintiff's medical records do not indicate that Plaintiff was ever to receive "a permanent cast."

6. Paragraph 6 is admitted in part and denied in part. It is admitted that Plaintiff did not return to Millcreek Hospital. It is denied that Plaintiff did not receive "his scheduled follow-up care" for his injury.

7. It is admitted that Plaintiff was not returned to Millcreek Hospital; however, insofar as Paragraph 7 is alleging that Plaintiff was not provided with appropriate follow up care for his injury, it is denied and strict proof is demanded at trial.

8. It is admitted that Plaintiff was not returned to Millcreek Hospital for non-medical reasons; however, insofar as Paragraph 8 is alleging that Plaintiff was not provided with appropriate follow up care for his injury, it is denied and strict proof is demanded at trial.

9. Paragraph 9 states conclusions of law to which no responsive pleading is necessary; however, to the extent Paragraph 9 avers any facts, the same are denied and strict proof is demanded at time of trial. Further, it is averred that Plaintiff received all medically necessary care and treatment for his injury.

10. After reasonable investigation, the Corrections Defendants can neither affirm nor deny the allegations of Paragraph 10; therefore, the same is denied and strict proof is demanded at trial.

11. After reasonable investigation, the Corrections Defendants can neither affirm nor deny the allegations of Paragraph 11; therefore, the same is denied and strict proof is demanded at trial.

12. Paragraph 12 states conclusions of law to which no responsive pleading is necessary; however, to the extent Paragraph 12 avers any facts, the same are denied and strict proof is demanded at time of trial.

13. The allegations in the unnumbered paragraph(s) contained in the document entitled "Amended Complaint Adding New Defendants and Damages" are not directed to any named Corrections Defendant; therefore, no response from the Corrections Defendants is required. Nevertheless, to the extent a response is deemed necessary, after reasonable investigation, the Corrections Defendants are without sufficient knowledge or information to form a belief as to the truth of the averments set forth in Paragraph 13 and the same are denied and strict proof is demanded at time of trial.

## SECOND DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

**THIRD DEFENSE**

The Corrections Defendants are entitled to qualified immunity.

**FOURTH DEFENSE**

Plaintiff's injuries or damages, if such injuries or damages occurred, were exclusively caused by circumstances beyond the control of the Corrections Defendants, or the supervening acts of third parties over which the Corrections Defendants had no control.

**FIFTH DEFENSE**

Plaintiff's own conduct caused any injuries or damages that he may have suffered.

**SEVENTH DEFENSE**

The Corrections Defendants asserts all available privileges for their conduct insofar as it is material to the allegations made in this case, including the defense of sovereign immunity under Pennsylvania law.

**EIGHTH DEFENSE**

Plaintiff failed to comply with the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.

**NINTH DEFENSE**

Plaintiff was not deprived of any rights under the United States Constitution.

WHEREFORE, the Corrections Defendants request judgment in their favor and against the Plaintiff.

Respectfully submitted,

THOMAS W. CORBETT, JR.
Attorney General

|  |  |
|---|---|
| Office of Attorney General | s/ Scott A. Bradley |
| 6th Floor, Manor Complex | Scott A. Bradley |
| 564 Forbes Avenue | Senior Deputy Attorney General |
| Pittsburgh, PA 15219 | Attorney I.D. No. 44627 |
| Phone: (412) 565-3586 |  |
| Fax:    (412) 565-3019 | Susan J. Forney |
|  | Chief Deputy Attorney General |

Date: October 14, 2005