IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE GREEN, | : | CA. No. 03-149 Erie |
| Plaintiff, | : | |
| | : | District Judge McLaughlin |
| vs. | : | |
| | : | Magistrate Judge Baxter |
| MARTIN HORN, ET AL. | : | |
| Defendant. | : | |

## ANSWERS AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES

AND NOW COMES Defendant, Mark Baker, D.O., by and through his attorneys Elizabeth M. Yanelli, Esquire, and Pietragallo, Bosick & Gordon, and serves these Answers and Objections to Plaintiff's Interrogatories as follows:

### GENERAL OBJECTIONS

The following objections apply to each Interrogatory and Request propounded by Plaintiff:

1. Defendant objects generally to Plaintiff's First Set of Interrogatories to the extent that they suggest or require any burdens, responsibilities or obligations beyond those set forth by the Federal Rules of Civil Procedure or by the Local Rules of the United States District Court for the Western District of Pennsylvania.

2. Defendant objects generally to providing any information or producing any documents which would be privileged or otherwise protected from discovery pursuant to the attorney/client privilege and/or the work product doctrine, or any other applicable privilege

3.  Defendant objects generally to Plaintiff's discovery requests as the discovery requests are exceedingly overly broad, seeking discovery far beyond that which is proper for the claims at issue. Plaintiff's overly broad discovery requests also seek discovery relating to subjects not at issue in this lawsuit.

4.  The defendant will produce responsive, non-privileged documents, if any, as they are kept in the usual course of business.

5.  Defendant objects generally to Plaintiff's discovery requests on the grounds that they are vague, ambiguous, burdensome, oppressive, unduly overbroad and unreasonable under the circumstances.

6.  Defendant objects generally to the Plaintiff's First Set of Interrogatories in that they call for the production of documents or things not in the defendants' possession, custody or control, and to the extent they call for the disclosure of documents and things received in confidence and/or under protective order from third parties

7.  The defendant reserves the right to supplement any of its responses as necessary.

8.  The defendant's production of information or documents in response to these Interrogatories should not be deemed as an admission that the information or documents are relevant to this case, or admissible into evidence in this case under the Federal Rules of Evidence.

9.  Defendant objects to providing resident addresses, resident telephone numbers, and other personal information.

10. Defendant's investigation and discovery of facts leading to causes of action asserted by plaintiff are continuing. Defendant's ability to produce documents is limited to those documents which are currently available to and known to

defendant. As a result, defendant reserves the right to modify and/or supplement any and all of their responses as additional information is obtained or becomes available or known to defendants.

11.   Each of defendant's responses to specific Interrogatories is deemed to incorporate the foregoing general objections.

### DFENDANT'S ANSWERS AND OBJECTIONS

1.   On or about 8-26-01, did you refer plaintiff Tyrone Green to orthopedic physician Dr. Ferretti because of two broken bones in Mr. Green's right hand.

**ANSWER:**

Defendant objects to this Interrogatory, as it is compound and assumes facts not of record. Without waiving these objections and the General Objections set forth above, Defendant responds that on August 27, 2001, he referred Tyrone Green to Millcreek Community Hospital Emergency Room for evaluation and treatment of his right hand.

2.   Was plaintiff transported to Millcreek Hospital?

**ANSWER:**

Defendant objects to this Interrogatory, as it is vague in that it is not limited in time or scope. Without waiving this objection or the General Objections set forth above, Defendant responds that, as per the medical records, Plaintiff was transported to Millcreek Hospital on August 27, 2001.

3.   Was plaintiff returned to S.C.I. Albion, and scheduled to return to Millcreek for casting?

**ANSWER:**

Defendant objects to this Interrogatory, as it is compound, assumes facts not of record, and is not limited in time or scope. Defendant further objects to this Interrogatory to the extent that it intimates that Plaintiff was ordered to return to Millcreek Community Hospital for casting. Without waiving these objections or the General Objections set forth above, according to Plaintiff's medical records from the Pennsylvania Department of Corrections, Plaintiff was returned to SCI-Albion from Millcreek Hospital on August 27, 2001 and was scheduled for an onsite visit with Dr. Tony Ferretti on September 14, 2001.


4.   Is it true plaintiff was not returned to Millcreek Hospital due to scheduling and security concerns?

**ANSWER:**

Defendant objects to this Interrogatory, as it is compound, assumes facts not of record, and is not limited in time or scope. Defendant further objects to this Interrogatory to the extent that it intimates that Plaintiff was ordered to return to Millcreek Community Hospital for casting. Without waiving these objections or the General Objections set forth above, according to Plaintiff's medical records from the Pennsylvania Department of Corrections, Plaintiff was scheduled for an onsite visit with Dr. Tony Ferretti on Friday, September 14, 2001 because medical staff was "unable to schedule Plaintiff for an offsite visit due to scheduling and security concerns."

5. Because of the scheduling and security concerns of returning plaintiff to Millcreek, were you forced to care for plaintiff within the means of S.C.I. Albion's infirmary?

**ANSWER:**

Defendant objects to this Interrogatory, as it is vague, compound, assumes facts not of record, and is not limited in time or scope. Defendant further objects to this Interrogatory to the extent that it intimates that Plaintiff was ordered to return to Millcreek Community Hospital for casting. Without waiving these objections or the General Objections set forth above, Defendant responds that after discussing the security and scheduling concerns with Dr. Ferretti, the medical staff was able to schedule onsite visits with orthopedic specialist Dr. Ferretti to evaluate and treat plaintiff's condition.

6. Does S.C.I. Albion's infirmary cast broken bones or will the person have to be sent to the hospital for casting?

**ANSWER:**

Defendant objects to this Interrogatory to the extent that it intimates that Plaintiff was ordered to return to Millcreek Community Hospital for casting. Defendant further objects to this Interrogatory as it presents an improper and incomplete hypothetical question and therefore, is incapable of a response.

7. If not for the scheduling and security concerns, would you have had adhered to Dr. Ferretti's request to return plaintiff to Millcreek Hospital for full casting to properly stabilize plaintiff's right hand?

**ANSWER:**

Defendant objects to this Interrogatory as it assumes facts not of record, presents an improper and incomplete hypothetical question, and calls for an improper retrospective medical opinion. Therefore, it is incapable of a response.

8. What security officer had the scheduling and security concern with transporting plaintiff to Millcreek Hospital?

**ANSWER:**

This information is unknown to this Defendant.

9. Was it your call not to send plaintiff to Millcreek Hospital for his first two appointments?

**ANSWER:**

Defendant objects to this Interrogatory, as it is vague and the term "call" is undefined and on the grounds that it assumes facts not of record. Without waiving these objections and the General Objections set forth above, Defendant responds that he ordered plaintiff to be sent to Millcreek Hospital on August 27, 2001 and on September 5, 2001 for the first two evaluations with the orthopedic physician following the plaintiff's injury on August 25, 2001.

10. When, if ever, did you make the decision not to send plaintiff to Millcreek Hospital and why?

**ANSWER:**

Defendant objects to this Interrogatory as it is compound and assumes facts not of record. Defendant further objects to this Interrogatory to the extent that it intimates that Plaintiff was ordered to return to Millcreek Community Hospital for casting. Without waiving these objections and the General Objections set forth above, Defendant responds that it was not his decision not to send Plaintiff to Millcreek Hospital. To the contrary, Defendant ordered Plaintiff to be sent to Millcreek Community Hospital.

11. If a broken hand is not stabilized properly, would that cause the patient to be in pain and discomfort?

**ANSWER:**

Defendant objects to this Interrogatory as it presents an improper and incomplete hypothetical and, therefore, is incapable of a response.

12. If a half cast/splint was molded to fit a severely swollen hand, once the swelling went down would it cause excessive movement for the hand inside of the cast/splint?

**ANSWER:**

Defendant objects to this Interrogatory as it presents an improper and incomplete hypothetical and, therefore, is incapable of a response.

13. If the answer to question #12 is yes, would it take the broken hand longer to heal?

**ANSWER:**

Defendant objects to this Interrogatory as it presents an improper and incomplete hypothetical and, therefore, is incapable of a response.

14. Can you please explain the long term effect of a broken hand that heals when it was not properly stabilized?

**ANSWER:**

Defendant objects to this Interrogatory as it calls for an improper and incomplete medical opinion and, therefore, is incapable of a response.

15. Are you responsible for not sending plaintiff to his first two appointments for casting at Millcreek Hospital?

**ANSWER:**

Defendant objects to this Interrogatory as it intimates that Plaintiff was ordered to return to Millcreek Community Hospital for casting. Defendant further objects to this Interrogatory on the grounds that it is compound, vague, and assumes facts not in evidence. Without waiving these objections and the General Objections set forth above, Defendant responds as follows: No.

PIETRAGALLO, BOSICK & GORDON

*[signature]*

ELIZABETH M. YANELLI, ESQUIRE
Pa. I.D. #86932
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219

(412) 263-2000

*Attorney for Defendant,*
*Mark Baker, D.O.*

## VERIFICATION

I, MARK BAKER, D.O., have read the foregoing ANSWERS AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES. The statements therein are correct to the best of my personal knowledge, information and belief. This statement and Verification are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn fabrication to authorities which provides that if I knowingly make false averments, I may be subject to criminal penalties.

_____
MARK BAKER, D.O.

This ___16th___ day of ___September___, 2005.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **ANSWERS AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES** was served via United States First-Class Mail, postage prepaid, this 21st day of September, 2005, upon:

Tyrone Green - EP-4593
SCI Smithfield
1120 Pike Street
P.O. Box 9999
Huntingdon, PA 16652

Scott Bradley, Esquire
Sr. Deputy Attorney General
Litigation Section
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

_____
ELIZABETH M. YANELLI, ESQUIRE
Pa. I.D. No. 86932

PIETRAGALLO, BOSICK & GORDON
The Thirty-Eighth Floor
One Oxford Centre
Pittsburgh, PA 15219
(412) 263-2000

*Attorney for Defendant,
Mark Baker, D.O.*

9