IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE GREEN, | : | CA. No. 03-149 Erie |
| | : | |
| Plaintiff, | : | |
| | : | District Judge McLaughlin |
| vs. | : | |
| | : | Magistrate Judge Baxter |
| MARTIN HORN, ET AL. | : | |
| | : | |
| Defendant. | : | |

## EMERGENCY MOTION TO PERMIT DISCOVERY

AND NOW COMES Defendant, Mark Baker, D.O., by and through his attorneys Elizabeth M. Yanelli, Esquire, and Pietragallo, Bosick & Gordon, and files this Emergency Motion to Permit Discovery as follows:

1. This is prisoner's civil rights action brought by Plaintiff Tyrone Green in which Plaintiff's Amended Complaint alleges that he was not returned for follow-up treatment at Millcreek Community Hospital for an injury to his hand that allegedly occurred on August 25, 2001.

2. Plaintiff commenced this action on May 2, 2003.

3. On or about January 21, 2005, Plaintiff filed a pleading styled as an "Amended Complaint," which, for the first time, named Dr. Mark Baker as a defendant.

4. On February 3, 2005, Defendant Dr. Baker filed a Motion to Dismiss Plaintiff's Amended Complaint or in the Alternative, for Summary Judgment.

5. On July 26, 2005, Magistrate Judge Baxter issued a Report and Recommendation recommending that the Motion to Dismiss or in the Alternative, Motion for Summary Judgment filed on behalf of Dr. Baker be granted. In addition, Magistrate

Judge Baxter further recommended that the Motion to Dismiss and/or for Summary Judgment filed on behalf of the other defendants also be granted.

6.  By order dated September 7, 2005, District Court Judge McLaughlin denied the Motions to Dismiss or Alternatively, for Summary Judgment and referred this case back to Magistrate Judge Baxter for further proceedings.

7.  A Case Management Conference was held on September 16, 2005 and following the conference, the Court set deadlines for, among other things, the close of Discovery. To that end, the Court ordered discovery to close in this matter on October 14, 2004.

8.  Defendant was unable to complete depositions or written discovery within the time set by the Court.

9.  On September 27, 2005, Plaintiff filed, without leave of Court, an "Amended Complaint adding New Defendants and Damages."

10. The Plaintiff's latest pleading, the September 27, 2005 "Amended Complaint," new contains allegations that Physician's Assistant Telega "pre-maturely confiscated plaintiff [sic] splint while plaintiffs [sic] hand was still broken…without Dr. Ferretti's approval."

11. The Amended Complaint also sets forth new allegations that "PA Telega stated to Plaintiff that Plaintiff had three strikes against [him] for not getting transported, and that was because Plaintiff was black, convict and gay; per security."

12. On October 25, 2005, Plaintiff filed a Motion for Summary Judgment in which he claims that "on many occasions Millcreek Hospital and SCI Albion medical staff scheduled Plaintiff for follow-up treatment, the type of treatment Plaintiff would

have received really is not the focus of Plaintiff [sic] complaint. Furthermore the follow-up treatment that Plaintiff would have received was of importance because he was re-scheduled on three different occasions." (Plaintiff's Motion for Summary Judgment, Page 4).

13. Plaintiff further claims in his summary judgment papers that "Albion's medical staff did not determine that they were going to attend to Plaintiff's medical needs, because they kept re-scheduling Plaintiff to go to Millcreek Hospital for follow-up care." (Plaintiff's Motion for Summary Judgment, Page 5).

14. In addition, Plaintiff has now moved for summary judgment against Dr. Baker on the grounds that "Plaintiff [sic] medical record don't [sic] state the type of treatment Plaintiff was going to receive, because Albion's medical staff failed to record it."

15. Plaintiff's new and additional contentions on summary judgment are substantially different than the contentions that formed the basis of his Amended Complaint.

16. Defendant Dr. Baker will be unfairly prejudiced if he is not permitted to obtain discovery in this matter, particularly insofar as Plaintiff has now asserted additional theories of liability that were not previously asserted in this action.

17. Based upon the procedural history of this matter, as well as the nature of Plaintiff's Motion for Summary Judgment which sets forth new theories of liability claims as against Defendant Dr. Baker, that were never previously asserted, Dr. Baker respectfully requests that the Court permit additional discovery for a period of 45 days.

18. Defendant further requests that, in all other respects, the established deadlines contained in the Court's September 16, 2005 Case Management Memo remain as currently established.

WHEREFORE, Defendant Mark Baker, D.O. respectfully requests that the Court grant his Emergency Motion to Permit Discovery.

PIETRAGALLO, BOSICK & GORDON

/s/ Elizabeth M. Yanelli
ELIZABETH M. YANELLI, ESQUIRE
Pa. I.D. #86932
One Oxford Centre, 38th Floor
Pittsburgh, PA  15219

(412) 263-2000

*Attorney for Defendant,*
*Mark Baker, D.O.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **EMERGENCY MOTION TO PERMIT DISCOVERY** was served via United States First-Class Mail, postage prepaid, this 26th day of October, 2005, upon:

>Tyrone Green - EP-4593
>SCI Smithfield
>1120 Pike Street
>P.O. Box 9999
>Huntingdon, PA 16652

>Scott Bradley, Esquire
>Sr. Deputy Attorney General
>Litigation Section
>6th Floor, Manor Complex
>564 Forbes Avenue
>Pittsburgh, PA  15219

>/s/ Elizabeth M. Yanelli
>ELIZABETH M. YANELLI, ESQUIRE
>Pa. I.D. No. 86932
>
>PIETRAGALLO, BOSICK & GORDON
>The Thirty-Eighth Floor
>One Oxford Centre
>Pittsburgh, PA  15219
>(412) 263-2000
>
>*Attorney for Defendant,*
>*Mark Baker, D.O.*