IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE GREEN, | : | CA. No. 03-149 Erie |
| | : | |
| Plaintiff, | : | |
| | : | District Judge McLaughlin |
| vs. | : | |
| | : | Magistrate Judge Baxter |
| MARTIN HORN, ET AL. | : | |
| | : | *Filed Electronically* |
| Defendants. | : | |
| | : | JURY TRIAL DEMANDED |

## JOINT MOTION FOR SUMMARY JUDGMENT

AND NOW COME Defendants, Mark Baker, D.O. and Dan Telega, P.A., by and through their attorneys, Elizabeth M. Yanelli, Esquire, and Pietragallo, Bosick & Gordon LLP, and file this Joint Motion for Summary Judgment as follows:

1. This is a *pro se* civil rights action in which Plaintiff, Tyrone Green, alleges that he was denied follow-up treatment for an injury to his right hand due to security reasons at the State Correctional Institution at Albion ("SCI-Albion").

2. Plaintiff's Amended Complaint alleges that on August 25, 2001, he slipped and fell while exiting the shower, breaking two bones in his right hand. (Amended Complaint, ¶ 1).

3. The following day, on August 26, 2001, he was transported to Millcreek Hospital, where he was allegedly provided with a temporary cast. (Amended Complaint, ¶2).

4. Plaintiff avers that he was scheduled to have the temporary cast removed in two days, at which time he would receive a full cast. (Amended Complaint, ¶ 2).

5. The Amended Complaint alleges that Plaintiff was not rescheduled or transported back to Millcreek Hospital for a "replacement cast." (Amended Complaint, ¶ 2).

6. Plaintiff claims that Mr. Telega told Plaintiff that he was not transported back to Millcreek Hospital for a permanent full cast because Plaintiff was black, a convict, and gay, per security. (Id.).

7. The Amended Complaint further alleges that Physician's Assistant, Dan Telega, prematurely confiscated Plaintiff's splint. Plaintiff avers that this was done without the approval of Dr. Ferretti, the orthopedic specialist at Millcreek Hospital. (Amended Complaint Adding New Defendants and Damages, ¶ 2).

8. Defendants have filed a Motion for Summary Judgment because there is no genuine issue of material fact that, at no time was an a cast ordered to be placed on Plaintiff's hand, and at no time was a cast determined to be medically necessary to treat Plaintiff's condition. (Affidavit of Mark Baker, D.O. ("Baker Aff."), Appendix in Support of Defendants' Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment ("Appendix")[1], Exh. A, ¶¶ 15, 43, 46; Affidavit of Dan Telega ("Telega Aff."), Exh. B, ¶¶ 10-11)).

9. To the contrary, on August 27, 2001, Dr. Mark Baker saw Plaintiff along with Physician's Assistant Dan Telega, and Dr. Baker ordered Plaintiff to be sent to Millcreek Community Hospital for an orthopedic consultation. (See Baker Aff., Exh. A, ¶¶ 11-12; Telega Aff., Exh. B, ¶¶6-7; Plaintiff's Medical Records from SCI-Albion ("SCI-Albion Records"), Exh. C, Physician's Orders, 8/27/01).

---

[1] All exhibits are found in the Appendix in Support of Defendants' Joint Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment, filed simultaneously with the instant Joint Motion for Summary Judgment and Brief in Support.

10. Although an August 27, 2001 entry in the Progress Notes portion of Plaintiff's medical records from SCI-Albion includes an entry that Plaintiff would be sent to Millcreek Community Hospital via state car for casting, both Dr. Baker and Mr. Telega have stated that this entry in the Progress Notes does not accurately reflect the treatment plan for Plaintiff's injury, and does not accurately reflect Dr. Baker's August 27, 2001 Order that appears in the Physician's Orders portion of Plaintiff's medical chart from SCI-Albion. (See Baker Aff., Exhibit A, ¶¶ 13-15 ; Telega Aff., Exhibit B, ¶¶ 8-11).

11. Also, neither the orthopedic specialists at Millcreek Community Hospital, nor any other medical personnel, ordered Plaintiff to receive a cast, and it was determined that casting was not medically necessary. (Baker Aff., Exhibit A, ¶¶ 16, 18-21; 43 and 46; Millcreek Community Hospital Records ("MCH Records"), Exhibit D).

12. Furthermore, although Plaintiff complains that he was not returned to Millcreek Community Hospital to receive a cast, where there is no genuine issue of material fact that no medical personnel had ordered Plaintiff to receive a cast or had determined that a cast was medically necessary or appropriate to treat Plaintiff's condition, the SCI-Albion medical staff arranged to have Dr. Ferretti, the orthopedic specialist at Millcreek Community Hospital, treat Plaintiff onsite at SCI-Albion to avoid a security issue of non-emergent outside trips by Plaintiff.

13. Clinical Specialist Rebecca Gould spoke with Dr. Ferretti's staff regarding this security issue and Dr. Ferretti's staff advised that Plaintiff could be evaluated onsite, at SCI-Albion. (Baker Aff., Exh. A, ¶ 23; SCI-Albion Records, Exh. C, Progress Notes, 9/4/01; Progress Notes, 9/20/01; Progress Notes, 10/1/01; Progress Notes, 10/12/01; Consultation Record, 10/12/01; X-ray Report, 10/13/01).

14. Moreover, at no time did Physician's Assistant Telega or any other medical personnel at SCI-Albion confiscate or discontinue Plaintiff's splint and sling. (Baker Aff., Exh. A, ¶ 33; Telega Aff., Exh. B, ¶ 12).

15. On October 12, 2001, Dr. Ferretti ordered that Plaintiff's splint and sling be removed. (Baker Aff., Exh. A, ¶34; Telega Aff., Exh. B,¶ 13; SCI-Albion Records, Exh. C, Consultation Record, 10/12/01; X-Ray Report, 10/13/01; Progress Notes, 10/12/01).

16. Dr. Ferretti determined that a splint and sling were no longer medically necessary or appropriate to treat Mr. Green's right hand injury, and in Dr. Baker's opinion, a splint and sling were not medically necessary or appropriate to treat Plaintiff's injury after October 12, 2001. (Baker Aff., Exh. A, ¶ 35; SCI-Albion Records, Exh. C, Consultation Record, 10/12/01; X-Ray Report, 10/13/01; Progress Notes, 10/12/01).

17. The undisputed evidence of record shows that at no time was a cast ordered for Plaintiff's right hand, and that no medical personnel had ordered casting for Plaintiff's condition.

18. Plaintiff received adequate medical treatment from the orthopedic specialist from Millcreek Community Hospital, who determined that Plaintiff's hand was healing well and that there was no medical necessity to send Plaintiff offsite for treatment.

19. There is no genuine issue as to any material facts and Defendants Baker and Telega are entitled to judgment as a matter of law.

20. The Joint Brief in Support of their Motion for Summary Judgment and Appendix of Exhibits in Support of their Joint Motion for Summary Judgment filed on

behalf of Defendants Mark Baker, D.O. and Dan Telega, P.A, are incorporated by reference as if the same were set forth at length herein.

WHEREFORE, Defendants, Mark Baker, D.O. and Dan Telega, PA-C, respectfully request that their Joint Motion for Summary Judgment be granted.

PIETRAGALLO, BOSICK & GORDON LLP

/s/ Elizabeth M. Yanelli
ELIZABETH M. YANELLI, ESQUIRE
Pa. I.D. #86932
One Oxford Centre, 38th Floor
Pittsburgh, PA  15219

(412) 263-2000

*Attorney for Defendants,
Mark Baker, D.O. and
Dan Telega, PA*

Dated:  December 9, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **JOINT MOTION FOR SUMMARY JUDGMENT** was served via United States First-Class Mail, postage prepaid, this 9th day of December, 2005, upon the following non-ECF users:

Tyrone Green - EP-4593
SCI Smithfield
1120 Pike Street
P.O. Box 9999
Huntingdon, PA 16652

 /s/ Elizabeth M. Yanelli
ELIZABETH M. YANELLI, ESQUIRE
Pa. I.D. No. 86932

PIETRAGALLO, BOSICK & GORDON LLP
The Thirty-Eighth Floor
One Oxford Centre
Pittsburgh, PA  15219
(412) 263-2000

*Attorney for Defendants,*
*Mark Baker, D.O. and*
*Dan Telega, P.A.*