**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

TYRONE GREEN,                    }
                                 }
            Plaintiff,           }
                                 }    No. 03-149 Erie
        vs.                      }    Judge McLaughlin
                                 }    Magistrate Judge Baxter
MARTIN HORN, et al.,             }
                                 }         **Electronically Filed**
            Defendants.          }

**CORRECTIONS DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

AND NOW, come the defendants, Edward T. Brennan, William J. Wolfe, Maxine Overton and William Barr ("the Corrections Defendants"), by their attorneys, Thomas W. Corbett, Jr., Attorney General, Scott A. Bradley, Senior Deputy Attorney General, and Susan J. Forney, Chief Deputy Attorney General, and respectfully respond to Plaintiff's motion for summary judgment on his Amended Complaint, saying the following:

1.  Plaintiff filed a Motion for Summary Judgment on or about October 25, 2005 (Doc. # 77).  Therein, Plaintiff argued, *inter alia*, that he is entitled to summary judgment on the allegations of his Amended Complaint because "Defendant Security, Captain (John Doe) denied Plaintiff follow-up care prescribed by Physicians."  Plaintiff's Motion for Summary Judgment, at p. 9 of 10.

2.  The Corrections Defendants subsequently filed their own motion for summary judgment (Docs. # 86-87).  These documents are incorporated herein by reference.  Therein, it was argued that the Corrections Defendants were entitled to judgment because Plaintiff could not establish that the Corrections Defendants acted with deliberate indifference with respect to his denial of medical care claim.

3.   Initially, the instant motion should be denied as against the Corrections Defendants because the only Corrections Defendant described in Plaintiff's motion is "Defendant Security, Captain (John Doe)."  This individual's identity has not been established by Plaintiff, even after the close of discovery.  Therefore, this unnamed and unidentified party should be dismissed from this action.  See Cole v. RHU Officers John Doe, 2005 WL 2648342, *4 (M.D.Pa. 2005)(citing cases) and Hill v. Algor, 85 F.Supp.2d 391, 396 n. 3 (D.N.J. 2000).   And, there being no other claim made against the Corrections Defendants in Plaintiff's motion, his motion for summary judgment should be denied.

4.   Furthermore, as more fully discussed in the Corrections Defendants' Brief in Support of Motion for Summary Judgment, Plaintiff's medical records –attached to Corrections' Defendants' Motion for Summary Judgment, at Attachment A)– reveal a significant and substantial history of continual care and treatment for the injury to Plaintiff's hand which is the predicate of this litigation.   This evidence clearly undermines any claim by Plaintiff of deliberate indifference to serious medical need.

5.   Critically, although one or two of Plaintiff's medical appointments had been rescheduled from Millcreek Community Hospital to SCI-Albion, Plaintiff was still seen by his doctors, except when Plaintiff himself missed scheduled appointments.  As argued by the Corrections Defendants in support of their motion,

> these medical records reveal that Green received an abundance of care from medical professionals and staff at two state correctional institutions and a local community hospital and that he underwent several x-rays and received pain medication virtually on request.  More importantly, Green has offered nothing to suggest that any of the care he received from outside medical professionals amounted to

mistreatment, or that the Corrections Defendants had any reason to believe that Green was not receiving appropriate treatment and care for his injury. Indeed, the main thrust of Green's complaint against the Corrections Defendants is that he was supposed to be returned to MCH for a permanent cast. However, nowhere in his medical records from SCI-Albion or MCH is it indicated that he was to be returned to MCH for a "permanent cast." Although these records disclose that Green was at one point scheduled for a follow-up appointment at MCH, they also show that the appointment was rescheduled to SCI-Albion, but with the same physician. And, notwithstanding that Green failed to show for this and other appointments, this physician followed his progress and determined that –as corroborated by several subsequent x-rays– Green's hand was healing appropriately and that no other course of treatment and care was required or recommended. As such, Green has failed to establish that the Corrections Defendants were deliberately indifferent and, correspondingly, has failed to state a cognizable Eighth Amendment claim upon which relief can be granted. See Spruill, 372 F.3d at 236. Summary judgment should therefore be entered in favor of the Corrections Defendants.

Brief in Support of Corrections Defendants' Motion for Summary Judgment, at pp. 11-12.

6. Plaintiff's motion focuses on the fact that he was not returned to MCH for treatment; however, what Plaintiff fails to recognize –and what his medical records plainly show– is that Plaintiff received the medical care and treatment at SCI-Albion that he was supposed to receive at MCH. Therefore, Plaintiff is not entitled summary judgment on his motion.

7. The cases cited by Plaintiff do not support his position. In Hurst v. Phelps, 579 F.2d 940 (5th Cir. 1978), Ellis v. Butler, 890 F.2d 1001 (8th Cir. 1989) and Johnson-El v. District of Columbia, 579 A.2d 163 (D.C. 1990), the reviewing courts held only that, liberally construed, the respective complaints *could* state a claim of deliberate

indifference to serious medical need and that, therefore, the lower courts' summary dismissals of the complaints were error.  In these cases there was no ruling on the merits of the prisoner's deliberate indifference claim.  Similarly, in <u>Smallwood v. Renfro</u>, 708 F.Supp. 182 (N.D.Ill. 1989), the court did not address the merits of the inmate's claim but merely reaffirmed the standard announced in <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976), and concluded that it was premature to enter summary judgment on behalf of the corrections officers.

8.  Finally, there is no evidence in the present summary judgment record to show that the Corrections Defendants disregarded medical advice or direction, or otherwise interfered with Plaintiff's course of medical treatment (other than indicating that, because of security issues, all subsequent medical treatment was to be provided at SCI-Albion rather than MCH).  Accordingly, Plaintiff's reliance on <u>Delker v. Maass</u>, 843 F.Supp. 1390 (D.Or. 1994) and <u>Arnold on Behalf of H.B. v. Lewis</u>, 803 F.Supp. 246 (D.Ariz. 1992), is misplaced.

WHEREFORE, it is respectfully requested that Plaintiff's motion for summary judgment be denied.

Respectfully submitted,

**Thomas W. Corbett, Jr.**
Attorney General

BY:    \_\_/s/ Scott A. Bradley_____
SCOTT A. BRADLEY
Senior Deputy Attorney General
PA I.D. No. 44627

SUSAN J. FORNEY
Chief Deputy Attorney General
Chief Litigation Section

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219

Date:  December 20, 2005