IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE GREEN, | : | CA. No. 03-149 Erie |
| | : | |
| Plaintiff, | : | |
| | : | District Judge McLaughlin |
| vs. | : | |
| | : | Magistrate Judge Baxter |
| MARTIN HORN, ET AL. | : | |
| | : | *Filed Electronically* |
| Defendants. | : | |
| | : | JURY TRIAL DEMANDED |

**JOINT RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

AND NOW COME Defendants, Mark Baker, D.O. and Dan Telega, P.A., by and through their attorneys, Elizabeth M. Yanelli, Esquire, and Pietragallo, Bosick & Gordon LLP, and file this Joint Response to Plaintiff's Motion for Summary Judgment as follows:

1. On October 25, 2005, Plaintiff, Tyrone Green, filed a Motion for Summary Judgment in this action in which he argues for the first time that he is entitled to summary judgment as to Dr. Baker because the medical records fail to contain medical orders that Plaintiff was to return to Millcreek Hospital to receive a permanent cast on his right hand. In his Motion, Plaintiff claims, without any evidentiary support, that the medical records do not support his allegations in this action because the SCI-Albion medical staff did not record the type of treatment that was ordered for Plaintiff's hand in the medical records. (Plaintiff's Motion for Summary Judgment, pages 6-7).

2. Plaintiff further argues in his Motion that Dr. Baker should have contacted the supervisor of the "unknown security officer" regarding the officer's

refusal to transport Plaintiff to Millcreek Hospital to receive a permanent cast. (Plantiff's Motion for Summary Judgment, pages 8-9).

3.   Contrary to Plaintiff's assertions, the medical records from SCI-Albion and Millcreek Community Hospital set forth in detail the type of treatment that Plaintiff was to receive, and did receive, for his hand injury. (See SCI-Albion Records, Exh. C and Millcreek Hospital Records, Exh. D, Appendix in Support of Joint Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment ("Appendix"); see also Affidavit of Mark Baker, D.O., Appendix, Exh. A at ¶¶ 15, 43, 46).

4.   Further, Dr. Baker has provided an Affidavit in which he states that the "medical staff at SCI-Albion recorded the evaluations, medications, treatment and diagnostic testing that was recommended to treat Mr. Green's injury. The medical records reflect any and all testing, evaluations, medication, and diagnostic testing that was ordered for Mr. Green. The treatment that Mr. Green received is reflected in Mr. Green's medical records." (Appendix, Exh. A, ¶ 44). Significantly, the medical records from the Department of Corrections and from Millcreek Community Hospital do not reflect that a permanent cast was ever ordered for Mr. Green's right hand injury by any attending physician. See Appendix, SCI-Albion Records, Exh.C; Millcreek Hospital Records, Exh. D; see also Affidavit of Mark Baker, D.O., ¶ 45).

5.   Furthermore, as the defendants have argued in their Joint Motion for Summary Judgment, supporting brief and exhibits, which are incorporated herein by reference, Dr. Ferretti, the orthopedic specialist from Millcreek Community Hospital, provided treatment to Plaintiff onsite at SCI-Albion and determined that there was no medical necessity to send Plaintiff back to Millcreek Hospital because Plaintiff's hand was healing well and could be treated onsite at SCI-Albion. According to Plaintiff's

2

medical records, on September 4, 2001, Clinical Specialist, Rebecca Gould, was unable to schedule Plaintiff for an offsite visit with Dr. Ferretti at Millcreek Community Hospital due to scheduling and security concerns of non-emergent outside trips. (SCI-Albion Records, Exh. C, Progress Notes, 9/4/01; Baker Aff., Exh. A, ¶ 23). Ms. Gould spoke with Dr. Ferretti's staff regarding this issue, and Dr. Ferretti advised that Plaintiff could be evaluated onsite at SCI-Albion, during the orthopedic clinic, on September 14, 2001. (Id.).

6.   Plaintiff failed to show up for his September 14, 2001 visit. (SCI-Albion Records, Exh. C, Progress Notes, 9/14/01; Baker Aff., Exh. A, ¶ 24). The medical staff followed up with Dr. Ferretti regarding Plaintiff's failure to appear for his September 14, 2001 appointment, and Dr. Ferretti ordered Plaintiff to be seen offsite at Millcreek Community Hospital Orthopedics within two weeks. (Id.; see also SCI-Albion Records, Exh. C, Consultation 9/14/01; Baker Aff., Exh. A, ¶ 24). Ms. Gould scheduled Plaintiff for an offsite visit with Dr. Ferretti at Millcreek Community Hospital to take place on Wednesday, September 26, 2001. (SCI-Albion Records, Exh. C, Progress Notes, 9/17/01; Baker Aff., Exh. A, ¶ 25).

7.   Prior to Plaintiff's September 26, 2001 appointment, on September 20, 2001, Dr. Ferretti and Physician's Assistant Tammy Mowry reviewed Plaintiff's medical chart and discussed his chart at length. (SCI-Albion Records, Exh. C, Progress Notes, 9/20/01; Baker Aff., Exh. A, ¶ 25). According to the records, Dr. Ferretti ordered that an x-ray be taken of Plaintiff's hand onsite at SCI-Albion and that the film be transported to Millcreek Community Hospital for review by Dr. Ferretti in order to avoid any security issue of non emergent outside trips by Plaintiff. (Id.; see also SCI-Albion Records, Exh. C, Physician's Orders, 9/20/01 and Consultation Record, 9/21/01; Baker Aff., Exh. A, ¶ 26).

3

8.      Further, the medical records reflect that Dr. Ferretti ordered Plaintiff to be rescheduled to be seen at an onsite clinic at SCI-Albion on October 12, 2001 unless he, Dr. Ferretti, deemed it necessary for Plaintiff to be seen prior to October 12, 2001. (SCI-Albion Records, Exh. C, Consultation Records, 9/20/01, 10/12/01; Baker Aff., Exh. A, ¶ 30, ¶ 27).  As per Dr. Ferretti's orders, an x-ray of Plaintiff's right hand was taken on September 21, 2001 and was provided to Dr. Ferretti's office that day. (SCI-Albion Records, Exh. C, Consultation Record, 9/21/01; Baker Aff., Exh. A, ¶ 29). Importantly, Dr. Ferretti reviewed the x-ray of Plaintiff's hand taken on September 21, 2001 and noted that Plaintiff's hand was **"healing well—no medical necessity to send patient offsite."** (SCI-Albion Records, Exh. C, Progress Notes 10/1/01(emphasis added); Baker Aff., Exh. A, ¶ 30).

9.      Again, Dr. Ferretti did not recommend that any cast be placed on Plaintiff's hand, no cast was medically necessary or appropriate, and Dr. Ferretti determined that there was no need to send Plaintiff offsite to Millcreek Community Hospital because Plaintiff's hand was healing well.  (SCI-Albion Records, Exh. C, Consultation Record 9/20/01; Baker Aff. A, ¶¶ 18-21).

10.     Thus, the evidence of record fails to support Plaintiff's allegations that Dr. Baker acted with deliberate indifference to Plaintiff's hand condition.  Although Plaintiff may disagree with the medical judgment of the medical personnel who determined that a permanent cast was not medically necessary to treat his condition, such disagreement fails to demonstrate a claim of deliberate indifference. Disagreements over how to treat an illness or an injury do not implicate the Eighth Amendment.  White v. Napoleon, 897 F.2d 103 (3d Cir. 1990); Young v. Quinlan, 960 F.2d 351, 358 n.18 (3d Cir. 1992); Banvelos v. McFarland, 41 F.3d 232 (5th Cir. 1995); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1081 (3d Cir.

1976)(finding that once it shown that plaintiff received some care, complaints directed at the wisdom or quality of the medical care received from medical personnel will not state an Eighth Amendment violation under § 1983, even if treatment was negligent as to amount to malpractice).  Courts must not second-guess the judgments made by medical personnel as to the appropriate means of treating a plaintiff's various medical conditions.  Inmates of Allegheny County Jail v. Pierce, 612 F.2d at 754, 763 (3d Cir. 1979).

11.	Moreover, the cases cited by Plaintiff in his Motion for Summary Judgment fail to support his position.  Fambro v. Fulton County, Georgia, 713 F.Supp. 1426 (1989) is a case in which the court entered an order governing the release of inmates following multiple violations of a consent decree.  Similarly, in Cody v. Hillard, 599 F.Supp. 1025 (1984) and Burks v. Teasdale, 492 F.Supp. 650 (1980), the courts made findings of fact based upon extensive evidence and expert testimony that medical personnel had failed to keep medical records and had no reliable medical record keeping system in place.  In Johnson-El v. Shoemehl, 878 F.2d 1043 (8th Cir. 1989), the court did not make any determination on the merits of a deliberate indifference claim based upon a failure to keep any systematic medical records, and affirmed a lower court's decision which declined to grant a motion to dismiss prior to any discovery.

12.	The medical records from SCI-Albion clearly establish that not only were records of Plaintiff's medical treatment kept, but that the records describe in great detail the numerous evaluations, consultations, x-rays, medications, and treatment that was provided to Plaintiff at SCI-Albion.

13.	Further, in his Motion for Summary Judgment, Plaintiff references the magistrate judge's remark that she had some difficulty deciphering certain portions of

the medical records without any affidavits from medical personnel in the July 24, 2005 Report and Recommendation concerning the original Motion to Dismiss filed on behalf of Dr. Baker.  However, since the July 24, 2005 Report and Recommendation, both Dr. Baker and Physician's Assistant Telega have provided affidavits in support of the Joint Motion for Summary Judgment which explain the medical records.

14.    Based upon the evidence of record, Plaintiff cannot establish that the defendants acted with deliberate indifference and Plaintiff's Motion for Summary Judgment should be denied.

WHEREFORE, Defendants, Mark Baker, D.O. and Dan Telega, PA-C, respectfully request that Plaintiff's Motion for Summary Judgment be denied.

PIETRAGALLO, BOSICK & GORDON LLP

_/s/ Elizabeth M. Yanelli_____
ELIZABETH M. YANELLI, ESQUIRE
Pa. I.D. #86932
One Oxford Centre, 38th Floor
Pittsburgh, PA  15219

(412) 263-2000

*Attorney for Defendants,*
*Mark Baker, D.O. and*
Dated:  December 28, 2005             *Dan Telega, PA*

6

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **JOINT RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** was served via United States First-Class Mail, postage prepaid, this 28th day of December, 2005, upon the following non-ECF users:

Tyrone Green - EP-4593
SCI Smithfield
1120Pike Street
P.O. Box 9999
Huntingdon, PA 16652

_/s/ Elizabeth M. Yanelli_
ELIZABETH M. YANELLI, ESQUIRE
Pa. I.D. No. 86932

PIETRAGALLO, BOSICK & GORDON LLP
The Thirty-Eighth Floor
One Oxford Centre
Pittsburgh, PA  15219
(412) 263-2000

*Attorney for Defendants,*
*Mark Baker, D.O. and*
*Dan Telega, P.A.*