IN The United States District Court
For the Western District of Pennsylvania

Tyrone Green,  : No. 03-149 Erie
  Plaintiff
  v.  : Judge McLaughlin
Martin Horn, et al,  : Magistrate Judge Baxter

### Response to Defendant D.O.C. Motion For Summary Judgment

Plaintiff will First like to respond to the Declaration of Maxine Overton.

1) It's very ironic that Ms. Overton can provide so much information now, but on 9-25-01 and 9-30-01 Plaintiff filed two Grievances that was consolidated and forwarded to Ms. Overton, However Ms. Overton never responded to those Grievances or request Form, SEE; OUR Magistrate's R+R Page 13, date 4-28-04

2) Plaintiff will like to point out, way back in September 25th & 30th Plaintiff informed Defendants Barr and Overton by way of inmate Grievances and request Forms, weeks after his injury that he was never return to Millcreek hospital for casting, Not one time did Ms. Overton or the defendants respond refruting Plaintiff claims, but now the defendants have all this knowledge concerning Plaintiff return to Millcreek with no record of the

type of treatment Plaintiff would have recieved. Plaintiff believes that they once was a record, because as noted before, It's hard to believe that Plaintiff was scheduled to be sent to Millcreek Hospital for follow-up care and medical staff at Albion or MCH has no record of the treatment Plaintiff would have recieved. Note: Dr. Ferretti work for both S.C.I. Albion and Millcreek Hospital.

3) Ms. Overton states on page two of her Declaration that Plaintiff reeived an abundance of medical care. However a closer look will show that the only care Plaintiff received was ice and Motrin. The Motrin was upsetting Plaintiff stomach and he was unable to take it, Plaintiff was given Tylenol for 3 days; Page three of Declaration. So Plaintiff was left to **bare** the Pain with little to no medication, Motrin is not a Pain releaver for 2 broken bones, Motrin is an anti-imflammatory drug.

4) On October 12, 2001 PA. Telega confiscated Plaintiff's splint without approval of Dr. Ferretti. Plaintiff hand was still healing leaving Plaintiff in severe pain. Dr. Baker or Dr. Feretti never prescribe any medication for Plaintiff, and the only other treatment Plaintiff was given was Motrin so its hard to amagine the discomfort Plaintiff was in.

5) Whenever Plaintiff complained all he was given was Motrin and Plaintiff was unable to take it.

6) It was on 1/22/03 because of Plaintiff injury to his hand that he was order that he was unable

to work in weather under 32°. Exhibit 2, pg 9

7) Plaintiff did not receive the proper care to releave him of the pain in his hand until Plaintiff was transferred to S.C.I Huntingdon and S.C.I Smithfield were he received three injections at three separate times.

8) Ms. Overton refers to the 3 X-ray reports to imply how Plaintiff received this "so called" abundance of treatment, However she dose'nt address the later X-rays dated 3-18-04, Exhibit 7. pg 3, of the Declaration where it states; "There is mild deformity at the base of the 4th metacarpal bone".

9) Plaintiff is no Doctor, However as a result of Plaintiff hand never being fully stablize after the swelling subdued, For never having a cast place on his hand, For P.A. Telega pre-maturly confiscating the pre-scribe splint, For Dr. Baker never taking and active role. The Plaintiff hand shakes, and is on a continuing treatment of neddle injections and pills.

10) Ms. Overton has attempted to smoke scene the court with partial information. Plaintiff has asked all defendants to turn over the X-ray Pictures of his hand but to date the defendants have not turned the pictures over. The pictures would show how poorly wrapped Plaintiff hand was.

11) All of the above most likely would not have accured if defendants "security" would have heeded to the orders of medical staff. By denying

to transport Plaintiff to his follow-up appointment lead to the unfortunate events.

12) <u>Note:</u> Defendants (Security) is not part or named in any motion for summary judgment.

13) On page 3, paragraph 14. Ms Overton say on 9-4-01, Dr. Ferretti was consulted regarding Plaintiff follow-up appointment.

14) It is well established that Dr. Ferretti was not consulted personally on 9-4-05, Dr. Ferretti's "Staff" was contacted. See: Dr. Baker motion for summary judgment page 3, paragraph 13.

15) Ms. Overton states: Plaintiff was seen at SCI-Albion orthopedic clinic to have x-ray of his injured hand, "this time, without the splint on." Pg. 5, para 20.

16) Ms. Overton never mentioned that Plaintiff was seen by Dr. Ferretti and more importantly she never said that Dr. Ferretti discontinued the use of the splint. This contradicts Dr. Baker. See: pg. 4, para 14-16.

17) Plaintiff's splint was supposed to be "removed" only for the x-ray. Plaintiff hand wasn't fully healed and Ms. Overton Declaration supports this. See: pg 5, para. 21

18) Ms. Overton states: on 10-25-01 PA. Telega show Plaintiff how to do physical therapy in his cell. pg 5. para. 22

19) However Dr. Baker say Dr. Ferretti order x-rays and physical therapy on 10-12-01 See: Dr. Baker joint brief in support of joint motion for summary judgment Pg. 10. First paragraph.

20) Plaintiff will like to know which of the defendant is right, I assume since there <u>is</u> no record

the defendants are going to say the both of them are correct.

21) Plaintiff don't remember being told how to preform physical therapy on himself. And furthermore Dr. Ferretti ordered that Plaintiff receive physical therapy not give himself therapy. SCI-Albion has a physical therapy room with the proper tools needed for therapy and "if" Dr. Ferretti ordered Plaintiff to receive therapy on a "moderately healed fracture hand", I'm sure he intended for it to take place inside of Albion Medical Department.

22) This adds more weight to Plaintiff claim of how Dr. Baker and the Albion medical staff was indifferant to Plaintiff's medical need. I'm very sure any reasonable jury will find the action of the defendants very interesting.

23) With the filing of the defendant motions (Dr. Baker and D.O.C.) new information is being revealed that was unknown to the Plaintiff, because its apart of "no" record, Plaintiff may motion the court to allow Plaintiff to broaded his claims.

24) However, as noted priorly, Its the (DOC) defendant Security "John Doe" failing to transport Plaintiff to his 9-5-01 follow-up appointment that lead to this civil action.

And for the above undisputed reason summary judgment for the Defendants should be denied.