IN The UNITED States District Court
For the WESTERN District OF PennsylvANIA

Tyrone GREEN
        PlAintiFF

            v.

MARTIN Horn, Et Al.

: No. 03-149 Erie
: Judge McLaughlin
: MAgistrAte Judge BAxter

## Respond to DeFendAnt Dr. BAKer Motion For Summary Judgment

1) PlAintiFF humbly Ask that our MAgistrate deny deFendAnts BAKer motion For Summary Judgment due to the FAct it wAS untimely Filed. It wAS order by our mAgistrAte that All motions For summary Judgment be in, And Filed by 12-9-05. However DeFendant BAKer missed this deAdline, deFendAnts mAiled their motion on 12-9-05, The mAil box rule do not Apply to Attorneys. DeFendant never Ask our mAgistrAte For An extention oF time, And deFendAnt cAn't ignore our mAgistrAte order And File motions whenever they PleAse.

2)        In response to deFendAnts motion For Summary Judgment; DeFendAnts **hAs** Submitted A Joint motion with no new deFense, However deFendAnts Added contrAdictions And clAims that Are Not Supported by the record.

3)        I would like to stArt with the AFFidAvit

of Dr. Baker. On page 3, paragraph 13, T.I. State: "Mr. Telega's August 27, 2001 Progress Notes includes an entry that Mr. Green would be sent to MCH via state car for "casting" Security to be notified..." However on Paragraph 13 and 14, Dr. Baker states that the Progress Notes by PA Telega is not accurate and don't reflect his order that appears in the Physician order dated 8-27-01. The Physician order don't have a Plan for the Plaintiff!!

4)      Dr. Baker never corrected the "so-called" error by PA Telega, infact it appears that Dr. Baker signed off ~~and~~ on it.

5)      Weeks after Plaintiff injury he filed grievances and request slips concerning not being return to MCH for casting, there is a Progress Note by PA Telega concerning Plaintiff casting, And Dr. Baker want the courts to believe this was all made up. PA Telega didn't just put that report in without some knowledge of it.

6)      Dr. Baker states on paragraph 4, that he did not find a cast to be medically necessary for two broken bones in Plaintiff hand; well Plaintiff would like to know why he was sent to MCH in the first place.

7)      District courts should not view a motion for summary judgment as a disfavorable Procedural Shortcut" but as the opportunity to dispose of meritless cases." Big Apple BMW, Inc. v. BMW of N.A. ....

Disputes Are "genuine" only if evidence exist to support both sides.

8)      Plaintiff supports his claims with Factual evidence medical report, request to staff reports and inmate grievences. However the defendents want the court to believe their bald ascertion with no Factual evidence other than their recollection of conversations that accured over 4 yrs ago, there never was a record of these conversations, these conversation was never mentioned in the interrogatories, And now the defendants want the court to believe these alledge detailed accounts of Plaintiff treatment plan when it no record of it?

9)      On page 4, Paragraph 19, States; The orthopedic specialist at MCH did not order Mr. Green to receive a cast and "it was determined that casting was not necessary." (Plaintiff will like to know when was this determined? There is no report of this, And throughout this entire civil process the defendants have claim no knowledge of casting but Now the defendants are saying they determined that casting wasnt necessary, defendant denied any mention of casting prior to this.

10)     The following is very telling; On pg. 4, Paragraph 21, Dr. Baker states: Mr. Green was not ordered to receive a cast. He was order to have a Follow-up Appointment at 2:15 p.m. on 9-5-01 in "the othopedic clinic of the prison."

11)     It is well documented that Plaintiff

WAS to have an "off-site" visit at MCH on 9-5-01. Dr Baker wants the court to believe Alledged detail conversations over 4yrs ago, but can't remember if Plaintiff had an on-site visit or off-site visit at MCH.

12)     Note: With all due respect Plaintiff is not trying to disrespect Dr. Baker in this response so please pardon me if I may seem alittle blunt.

13)     Further on pg. 4, paragraph 23. Dr Bake States in relavent part. That on 9-4-01 Clinical Specialist Rebecca Gould was unable to schedule Plaintiff off-site For Follow-up care at MCH due to security and Scheduling concerns. Ms Gould spoke to Dr. Ferretti's "Staff" concerning this issue.

14)     This Scheduling and security concerns is what triggered this civil complaint, It's no dispute About that in Plaintiff Not being returned to MCH. On pg 5. Dr. Baker list a couple of security issues For none emergent outside trip, As if the security said if its not an emergency their not transporting Plaintiff, The law Protects Plaintiff of such conduct.

15)     On Page 6, Paragraph 31. Dr. Baker States: Dr. Ferretti examined Plaintiff hand on 10-12-01, at the Prison's ortho Clinic and ordered that Plaintiff splint be removed.

16)     The Above is False, Plaintiff Prior X-rays was taken while the splint was on, but

Dr. Ferretti wanted X-rays of Plaintiff's hand outside of the **splint**, **at no time** did Dr. Ferretti order to discontinue use of Plaintiff splint. Dr Ferretti never seen plaintiff on 10-12-01 he had the X-rays sent to him at MCH. the X-ray pictures will show that Plaintiff hand was not healed, There is no record that therapy was order by Dr. Ferretti.

17) The Defendants defense is not support by the record. However Plaintiff have documented proof to support his claim

18) Therefore, Defendants Joint motion for summary Judgment should be denied And trial ordered.

19) Plaintiff **can** and has proven a cast **was** ordered, however the defendants has no **factual proof** that a cast ~~was not~~ ordered, because the record is devoid of **any** Follow-up pain For the Plaintiff.

20) The only treatment Plaintiff received was motrin. Dr. Ferretti did not see Plaintiff on 10-12-01 And a close look will show **that** the "Consultation Record" on that date is Altered Further it States "splint intact" - had been removed Per (sic)

21) This is telling, "had been removed" is not the same as "was removed" or "was discontinued." It had been removed to take the X-ray only. The rest of the record makes no mention to discontinue Plaintiffs splint. **Plaintiff** told PA Telega that it was excessive

movement inside the splint and Mr. Telega confiscated the splint and stated "You don't need if it aint working".

22)      I ask the defendants to produce one shred of records or factual evidence that Plaintiff was not suppose to receive a cast. Sure Plaintiff was seen three time and given motrin, that is in the records, but where is the records of Plaintiff follow-up treatment? Plaintiff believes they was destroyed.

23)      Its Plaintiff Facts (PA. Telega report of casting and Plaintiff's Grievances, request form), against the defendants words that are not supported by the record.

24)      The defendant trying to create a senario of my word against yours, and Plaintiff humbly submit it is not him trying to mislead the court

25)      For the fact that defendants have no material fact to support the defense Pliintiff Ask that summary Judgment be issued in his favor and against the defendants.

26)      Upon new information revealed in Dr. Baker's Joint brief in support of Joint motion for summary Judgment Plaintiff will be motioning the court to allow him to broaden the claim against Dr. Baker.