IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE GREEN, | : | CA. No. 03-149 Erie |
| | : | |
| Plaintiff, | : | |
| | : | District Judge McLaughlin |
| vs. | : | |
| | : | Magistrate Judge Baxter |
| MARTIN HORN, ET AL. | : | |
| | : | |
| Defendant. | : | |
| | : | |

### ANSWERS AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES

AND NOW COMES Defendant, Mark Baker, D.O., by and through his attorneys Elizabeth M. Yanelli, Esquire, and Pietragallo, Bosick & Gordon, and serves these Answers and Objections to Plaintiff's Interrogatories as follows:

### GENERAL OBJECTIONS

The following objections apply to each Interrogatory and Request propounded by Plaintiff:

1. Defendant objects generally to Plaintiff's First Set of Interrogatories to the extent that they suggest or require any burdens, responsibilities or obligations beyond those set forth by the Federal Rules of Civil Procedure or by the Local Rules of the United States District Court for the Western District of Pennsylvania.

2. Defendant objects generally to providing any information or producing any documents which would be privileged or otherwise protected from discovery pursuant to the attorney/client privilege and/or the work product doctrine, or any other applicable privilege

3. Defendant objects generally to Plaintiff's discovery requests as the discovery requests are exceedingly overly broad, seeking discovery far beyond that which is proper for the claims at issue. Plaintiff's overly broad discovery requests also seek discovery relating to subjects not at issue in this lawsuit.

4. The defendant will produce responsive, non-privileged documents, if any, as they are kept in the usual course of business.

5. Defendant objects generally to Plaintiff's discovery requests on the grounds that they are vague, ambiguous, burdensome, oppressive, unduly overbroad and unreasonable under the circumstances.

6. Defendant objects generally to the Plaintiff's First Set of Interrogatories in that they call for the production of documents or things not in the defendants' possession, custody or control, and to the extent they call for the disclosure of documents and things received in confidence and/or under protective order from third parties

7. The defendant reserves the right to supplement any of its responses as necessary.

8. The defendant's production of information or documents in response to these Interrogatories should not be deemed as an admission that the information or documents are relevant to this case, or admissible into evidence in this case under the Federal Rules of Evidence.

9. Defendant objects to providing resident addresses, resident telephone numbers, and other personal information.

10. Defendant's investigation and discovery of facts leading to causes of action asserted by plaintiff are continuing. Defendant's ability to produce documents is limited to those documents which are currently available to and known to

defendant. As a result, defendant reserves the right to modify and/or supplement any and all of their responses as additional information is obtained or becomes available or known to defendants.

11. Each of defendant's responses to specific Interrogatories is deemed to incorporate the foregoing general objections.

### DFENDANT'S ANSWERS AND OBJECTIONS

1. On or about 8-26-01, did you refer plaintiff Tyrone Green to orthopedic physician Dr. Ferretti because of two broken bones in Mr. Green's right hand.

**ANSWER:**

Defendant objects to this Interrogatory, as it is compound and assumes facts not of record. Without waiving these objections and the General Objections set forth above, Defendant responds that on August 27, 2001, he referred Tyrone Green to Millcreek Community Hospital Emergency Room for evaluation and treatment of his right hand.

2. Was plaintiff transported to Millcreek Hospital?

**ANSWER:**

Defendant objects to this Interrogatory, as it is vague in that it is not limited in time or scope. Without waiving this objection or the General Objections set forth above, Defendant responds that, as per the medical records, Plaintiff was transported to Millcreek Hospital on August 27, 2001.

3. Was plaintiff returned to S.C.I. Albion, and scheduled to return to Millcreek for casting?

3

**ANSWER:**

Defendant objects to this Interrogatory, as it is compound, assumes facts not of record, and is not limited in time or scope. Defendant further objects to this Interrogatory to the extent that it intimates that Plaintiff was ordered to return to Millcreek Community Hospital for casting. Without waiving these objections or the General Objections set forth above, according to Plaintiff's medical records from the Pennsylvania Department of Corrections, Plaintiff was returned to SCI-Albion from Millcreek Hospital on August 27, 2001 and was scheduled for an onsite visit with Dr. Tony Ferretti on September 14, 2001.

4.   Is it true plaintiff was not returned to Millcreek Hospital due to scheduling and security concerns?

**ANSWER:**

Defendant objects to this Interrogatory, as it is compound, assumes facts not of record, and is not limited in time or scope. Defendant further objects to this Interrogatory to the extent that it intimates that Plaintiff was ordered to return to Millcreek Community Hospital for casting. Without waiving these objections or the General Objections set forth above, according to Plaintiff's medical records from the Pennsylvania Department of Corrections, Plaintiff was scheduled for an onsite visit with Dr. Tony Ferretti on Friday, September 14, 2001 because medical staff was "unable to schedule Plaintiff for an offsite visit due to scheduling and security concerns."

5. Because of the scheduling and security concerns of returning plaintiff to Millcreek, were you forced to care for plaintiff within the means of S.C.I. Albion's infirmary?

**ANSWER:**

Defendant objects to this Interrogatory, as it is vague, compound, assumes facts not of record, and is not limited in time or scope. Defendant further objects to this Interrogatory to the extent that it intimates that Plaintiff was ordered to return to Millcreek Community Hospital for casting. Without waiving these objections or the General Objections set forth above, Defendant responds that after discussing the security and scheduling concerns with Dr. Ferretti, the medical staff was able to schedule onsite visits with orthopedic specialist Dr. Ferretti to evaluate and treat plaintiff's condition.

6. Does S.C.I. Albion's infirmary cast broken bones or will the person have to be sent to the hospital for casting?

**ANSWER:**

Defendant objects to this Interrogatory to the extent that it intimates that Plaintiff was ordered to return to Millcreek Community Hospital for casting. Defendant further objects to this Interrogatory as it presents an improper and incomplete hypothetical question and therefore, is incapable of a response.

7. If not for the scheduling and security concerns, would you have had adhered to Dr. Ferretti's request to return plaintiff to Millcreek Hospital for full casting to properly stabilize plaintiff's right hand?

**ANSWER:**

Defendant objects to this Interrogatory as it assumes facts not of record, presents an improper and incomplete hypothetical question, and calls for an improper retrospective medical opinion. Therefore, it is incapable of a response.

8. What security officer had the scheduling and security concern with transporting plaintiff to Millcreek Hospital?

**ANSWER:**

This information is unknown to this Defendant.

9. Was it your call not to send plaintiff to Millcreek Hospital for his first two appointments?

**ANSWER:**

Defendant objects to this Interrogatory, as it is vague and the term "call" is undefined and on the grounds that it assumes facts not of record. Without waiving these objections and the General Objections set forth above, Defendant responds that he ordered plaintiff to be sent to Millcreek Hospital on August 27, 2001 and on September 5, 2001 for the first two evaluations with the orthopedic physician following the plaintiff's injury on August 25, 2001.

10. When, if ever, did you make the decision not to send plaintiff to Millcreek Hospital and why?

**ANSWER:**

Defendant objects to this Interrogatory as it is compound and assumes facts not of record. Defendant further objects to this Interrogatory to the extent that it intimates that Plaintiff was ordered to return to Millcreek Community Hospital for casting. Without waiving these objections and the General Objections set forth above, Defendant responds that it was not his decision not to send Plaintiff to Millcreek Hospital. To the contrary, Defendant ordered Plaintiff to be sent to Millcreek Community Hospital.

11. If a broken hand is not stabilized properly, would that cause the patient to be in pain and discomfort?

**ANSWER:**

Defendant objects to this Interrogatory as it presents an improper and incomplete hypothetical and, therefore, is incapable of a response.

12. If a half cast/splint was molded to fit a severely swollen hand, once the swelling went down would it cause excessive movement for the hand inside of the cast/splint?

**ANSWER:**

Defendant objects to this Interrogatory as it presents an improper and incomplete hypothetical and, therefore, is incapable of a response.

13. If the answer to question #12 is yes, would it take the broken hand longer to heal?

**ANSWER:**

Defendant objects to this Interrogatory as it presents an improper and incomplete hypothetical and, therefore, is incapable of a response.

14. Can you please explain the long term effect of a broken hand that heals when it was not properly stabilized?

**ANSWER:**

Defendant objects to this Interrogatory as it calls for an improper and incomplete medical opinion and, therefore, is incapable of a response.

15. Are you responsible for not sending plaintiff to his first two appointments for casting at Millcreek Hospital?

**ANSWER:**

Defendant objects to this Interrogatory as it intimates that Plaintiff was ordered to return to Millcreek Community Hospital for casting. Defendant further objects to this Interrogatory on the grounds that it is compound, vague, and assumes facts not in evidence. Without waiving these objections and the General Objections set forth above, Defendant responds as follows: No.

PIETRAGALLO, BOSICK & GORDON

*[signature]*

ELIZABETH M. YANELLI, ESQUIRE
Pa. I.D. #86932
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219

(412) 263-2000

*Attorney for Defendant,
Mark Baker, D.O.*

8

Case 1:03-cv-00149-SJM-SPB   Document 100-2   Filed 05/18/2006   Page 9 of 13
Case 1:03-cv-00149-SJM-SPB   Document 86   Filed 12/09/2005   Page 13 of 35
Case 1:03-cv-00149-SJM-SPB   Document 75   Filed 10/11/2005   Page 4 of 16

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF PENNSYLVANIA.

Tyrone Green
    (PLAINTIFF)

V

Martin Horn,
Dr. Mark Baker,
William Barr and Captain of S.C.I     C.A. No. 03-149 Erie
Albion Security (John Doe), Et Al,

## Amended Complaint

1). On 8-25-01 Plaintiff was exiting the shower, when he slip and fell in a puddle of soap and water.
2). As a result of Plaintiff slip and fall, he broke two bones in his right hand.
3). On 8-26-01, Plaintiff was transported to Millcreek Hospital, wherein Plaintiff was issued a temporary cast which was placed on Plaintiff's hand.
4). Plaintiff was given said temporary cast due to the immense swelling in his right hand.
5). Plaintiff was scheduled by the Physician(s) at Millcreek to return in two(2) days once the swelling subdued, so that a permanent cast could be placed on Plaintiff'S hand to stablize the two broken bones.
6). The Plaintiff was never returned to Millcreek Hospital for his scheduled follow-up care.
7). The medical records provided to Plaintiff states; for "scheduling and security concerns" Plaintiff was not transported back to Millcreek for follow-up care.
8). The denial to allow Plaintiff's scheduled follow-up care by defendants Barr, Baker, Security Capt. John Doe (was for non-medical reasons).
9). The actions of defendants Baker, Barr, and Security Capt. John Doe was deliberately indifference to Plaintiff serious medical need.
10). As a result of defendants actions, Plaintiff's hand was never stablized during it's healing process, thus putting Plaintiff in severe pain.

Case 1:03-cv-00149-SJM-SPB   Document 100-2   Filed 05/18/2006   Page 10 of 13
Case 1:03-cv-00149-SJM-SPB   Document 86   Filed 12/09/2005   Page 14 of 35
Case 1:03-cv-00149-SJM-SPB   Document 75   Filed 10/11/2005   Page 5 of 16

11). Plaintiff is now on daily medication orthritus.

12). The actions of defendants, Baker, Barr and John Doe in deny Plaintiff follow-up medical care constitute deliberate indefference to a serious medical need under the law of Pennsylvania.

Wherefore, Plaintiff request that the court grant the following relief:

A. Issue a declaratory judgment stating that:
The denial of follow-up medical treatment to Plaintiff by defendants Barr, Baker and John Doe violated Plaintiff 8th and 14th Amendment and constitute deliberate indifference under the State and Federal law.

B. Award compensatory damages in the following amount:
$100,000 jointly and severally against defendants Barr, Baker, Security Capt. John Doe for physical and emotional injuries sustained as a result of Plaintiff being denied follow-up medical care.

UNSWORN DECLARATION

I, Tyrone Green hereby sware that the said Amended complaint and response to defendants motion to dismiss is true, and is being served to the Attorney of defendants on this date  /-12-05

C.C. Robert S. Englesburg
     564 Forbes Ave
     Manor Complex
     Pittsburgh, PA 15219

Case 1:03-cv-00149-SJM-SPB   Document 100-2   Filed 05/18/2006   Page 11 of 13
Case 1:03-cv-00149-SJM-SPB   Document 86   Filed 12/09/2005   Page 10 of 35
Case 1:03-cv-00149-SJM-SPB   Document 75   Filed 10/11/2005   Page 1 of 16

-1-

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Tyrone Green
   Plaintiff
V.
Martin Horn, et al.

- Ca, No. o3149- Erie
- District Judge Mclauglin
- Magistrate Judge Baxter

AMENDED COMPLAINT ADDING

NEW DEFENDANTS AND DAMAGES

Plaintiff would humbly like to add physician's assistant telega, employed by S.C.I Albion medical Department.

Pa Telega pre-maturely confasated plaintiff splint while plaintiffs hand was still broken. Pa Telega did so without Dr. ferrettis approval, Thus causing plaintiff severe pain and discomfort and prolong the healing process causing further damage to plaintiffs hand. Pa Telega stated to Plaintiff that Plaintiff had three strikes against for not getting transported, and that was because Plaintiff was, black, convict and Gay, per security

There is no prejudice to the defendants, because there is no new claim or allegation. On page 3, of plaintiff's amended complaint plaintiff put the defendant on notice of the above event. plaintiff is just adding the person's name who was responsible. Plaintiff was unable to read the medical records pertaining to this event until defendant Baker filed its motion to dismiss plaintiff's amended petition.

Case 1:03-cv-00149-SJM-SPB   Document 100-2   Filed 05/18/2006   Page 12 of 13
Case 1:03-cv-00149-SJM-SPB   Document 86   Filed 12/09/2005   Page 11 of 35
Case 1:03-cv-00149-SJM-SPB   Document 75   Filed 10/11/2005   Page 2 of 16

-2-

## AMENDMENT TO DAMAGES SOUGHT

For the charges presented to this court concerning the total complaint. Plaintiff seeks to be rewarded the following paid by each defendant or the agency they work for;

1) pain and suffering $200,000
2) Neglances $200,000
3) Punitive damages $200,000
4) Compensatory $65,000
5) Declartory damages; whatever our Honor deems fit.
6) Discrimination; $500,000
7) Cruel and unusual punishment; $100,000 and sentence reduction for violation of double jeopardy by plaintiff twice being punished in state custody.

Case 1:03-cv-00149-SJM-SPB   Document 100-2   Filed 05/18/2006   Page 13 of 13
Case 1:03-cv-00149-SJM-SPB   Document 86   Filed 12/09/2005   Page 12 of 35
Case 1:03-cv-00149-SJM-SPB   Document 75   Filed 10/11/2005   Page 3 of 16

Certificate of Service

I hereby certify that a true and correct copy of the foregoing Original Complaint, Amended Complaint and Propose Amended complaint was served via Institutional mail this day of 10-5-05 upon:

Scott Bradley, Esquire
Litigation Section
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

Elizabeth M. Yanelli, Esquire
The Thirty-Eighth Floor
One Oxford Centre
Pittsburgh, PA 15219

Date: 10-5-05           (S) Tyrone Green