IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE GREEN, | : | CA. No. 03-149 Erie |
| | : | |
| Plaintiff, | : | |
| | : | District Judge McLaughlin |
| vs. | : | |
| | : | Magistrate Judge Baxter |
| MARTIN HORN, ET AL. | : | |
| | : | *Filed Electronically* |
| Defendants. | : | |
| | : | JURY TRIAL DEMANDED |

**JOINT RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION AND MOTION FOR
SUMMARY JUDGMENT**

AND NOW COME Defendants, Mark Baker, D.O. and Dan Telega, P.A., by and through their attorneys, Elizabeth M. Yanelli, Esquire, and Pietragallo, Bosick & Gordon LLP, and file this Joint Response to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation and Motion for Summary Judgment in Favor of Plaintiff.

### I.   INTRODUCTION

This is a *pro se* civil rights action in which Plaintiff, Tyrone Green, alleges that he was denied follow-up treatment for an injury to his right hand due to security reasons at the State Correctional Institution at Albion ("SCI-Albion"). Plaintiff's Amended Complaint alleges that on August 25, 2001, he slipped and fell while exiting the shower, breaking two bones in his right hand. (Amended Complaint, ¶ 1). The following day, on August 26, 2001, Plaintiff was transported to Millcreek Hospital, where he was allegedly provided with a temporary cast. (Amended Complaint, ¶2). Plaintiff avers that he was scheduled to have the temporary cast removed in two days, at which time, Plaintiff

claims, he would receive a full cast. (Amended Complaint, ¶ 2). The Amended Complaint alleges that Plaintiff was not rescheduled or transported back to Millcreek Hospital for a "replacement cast." (Amended Complaint, ¶ 2). Plaintiff claims that Mr. Telega told Plaintiff that he was not transported back to Millcreek Hospital for a permanent full cast because Plaintiff was black, a convict, and gay, per security. (Id.).

The Amended Complaint further alleges that Physician's Assistant, Dan Telega, prematurely confiscated Plaintiff's splint. Plaintiff avers that this was done without the approval of Dr. Ferretti, the orthopedic specialist at Millcreek Hospital. (Amended Complaint Adding New Defendants and Damages, ¶ 2).

Defendants filed a Motion for Summary Judgment because there is no genuine issue of material fact that, at no time was a permanent cast ordered to be placed on Plaintiff's hand, and at no time was a permanent cast determined to be medically necessary to treat Plaintiff's condition. (Affidavit of Mark Baker, D.O. ("Baker Aff."), Appendix in Support of Defendants' Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment ("Appendix")[1], Exh. A, ¶¶ 15, 43, 46; Affidavit of Dan Telega ("Telega Aff."), Exh. B, ¶¶ 10-11)). To the contrary, on August 27, 2001, Dr. Mark Baker saw Plaintiff along with Physician's Assistant Dan Telega, and Dr. Baker ordered Plaintiff to be sent to Millcreek Community Hospital for an orthopedic consultation. (See Baker Aff., Exh. A, ¶¶ 11-12; Telega Aff., Exh. B, ¶¶6-7; Plaintiff's Medical Records from SCI-Albion ("SCI-Albion Records"), Exh. C, Physician's Orders, 8/27/01). Although an August 27, 2001 entry in the Progress Notes portion of Plaintiff's medical records from SCI-Albion includes an entry that Plaintiff would be sent to

---

[1] All exhibits are found in the Appendix in Support of Defendants' Joint Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment.

Millcreek Community Hospital via state car for casting, both Dr. Baker and Mr. Telega have stated that this entry in the Progress Notes does not accurately reflect the treatment plan for Plaintiff's injury, and does not accurately reflect Dr. Baker's August 27, 2001 Order that appears in the Physician's Orders portion of Plaintiff's medical chart from SCI-Albion. (See Baker Aff., Exhibit A, ¶¶ 13-15 ; Telega Aff., Exhibit B, ¶¶ 8-11). Also, neither the orthopedic specialists at Millcreek Community Hospital, nor any other medical personnel, ordered Plaintiff to receive a cast, and it was determined that casting was not medically necessary. (Baker Aff., Exhibit A, ¶¶ 16, 18-21; 43 and 46; Millcreek Community Hospital Records ("MCH Records"), Exhibit D).

Furthermore, although Plaintiff complains that he was not returned to Millcreek Community Hospital to receive a cast, there is no genuine issue of material fact that no medical personnel had ordered Plaintiff to receive a cast or had determined that a cast was medically necessary or appropriate to treat Plaintiff's condition, the SCI-Albion medical staff arranged to have Dr. Ferretti, the orthopedic specialist at Millcreek Community Hospital, treat Plaintiff onsite at SCI-Albion to avoid a security issue of non-emergent outside trips by Plaintiff. Clinical Specialist Rebecca Gould spoke with Dr. Ferretti's staff regarding this security issue and Dr. Ferretti's staff advised that Plaintiff could be evaluated onsite, at SCI-Albion. (Baker Aff., Exh. A, ¶ 23; SCI-Albion Records, Exh. C, Progress Notes, 9/4/01; Progress Notes, 9/20/01; Progress Notes, 10/1/01; Progress Notes, 10/12/01; Consultation Record, 10/12/01; X-ray Report, 10/13/01).

Moreover, at no time did Physician's Assistant Telega or any other medical personnel at SCI-Albion confiscate or discontinue Plaintiff's splint and sling. (Baker

Aff., Exh. A, ¶ 33; Telega Aff., Exh. B, ¶ 12). On October 12, 2001, Dr. Ferretti ordered that Plaintiff's splint and sling be removed. (Baker Aff., Exh. A, ¶34; Telega Aff., Exh. B,¶ 13; SCI-Albion Records, Exh. C, Consultation Record, 10/12/01; X-Ray Report, 10/13/01; Progress Notes, 10/12/01). Dr. Ferretti determined that a splint and sling were no longer medically necessary or appropriate to treat Mr. Green's right hand injury, and in Dr. Baker's opinion, a splint and sling were not medically necessary or appropriate to treat Plaintiff's injury after October 12, 2001. (Baker Aff., Exh. A, ¶ 35; SCI-Albion Records, Exh. C, Consultation Record, 10/12/01; X-Ray Report, 10/13/01; Progress Notes, 10/12/01).

On May 9, 2006, Magistrate Judge Baxter issued a report and Recommendation that recommended, among other things, that the Defendants' motion for summary judgment be granted and that Plaintiff's motion for summary judgment against Dr. Baker be denied. At page 12 of the Report and Recommendation, the Magistrate Judge cogently noted the evidence of record establishing that Plaintiff was not ordered a permanent cast and that his splint was not confiscated. Other than his own opinions, Plaintiff has produced no evidence contradicting the sworn testimony of Dr. Baker and Mr. Telega, and the applicable medical records, regarding these facts. Nonetheless, Plaintiff has filed objections to the Magistrate Judge's Report and Recommendation contending, generally, that there does exist a dispute of fact as to whether Plaintiff was ordered to be taken off-site to have a permanent cast placed at Millcreek Hospital and that his splint was confiscated.

Because the uncontradicted and overwhelming evidence of record confirms that there does not exist any genuine dispute of material fact and that Defendants are entitled

to summary judgment in their favor, Defendants respectfully request that the Magistrate Judge's Report and Recommendation be adopted by this Honorable Court and that summary judgment be entered in favor of these Defendants and against Plaintiff.

## II. ARGUMENT

### A. Plaintiff was Never Ordered a Permanent Cast

Plaintiff's present Objections are reminiscent of Plaintiff's October 25, 2005 Motion for Summary Judgment in which Plaintiff similarly argued, for the first time, that he was entitled to summary judgment as to Dr. Baker because the medical records fail to contain medical orders that Plaintiff was to return to Millcreek Hospital to receive a permanent cast on his right hand. In his Motion, Plaintiff claimed, without any evidentiary support, that the medical records do not support his allegations in this action because the SCI-Albion medical staff did not record the type of treatment that was ordered for Plaintiff's hand in the medical records. (Plaintiff's Motion for Summary Judgment, pages 6-7). Plaintiff similarly argued in his Motion that Dr. Baker should have contacted the supervisor of the "unknown security officer" regarding the officer's refusal to transport Plaintiff to Millcreek Hospital to receive a permanent cast. (Plaintiff's Motion for Summary Judgment, pages 8-9).

Contrary to Plaintiff's assertions, the medical records from SCI-Albion and Millcreek Community Hospital set forth in detail the type of treatment that Plaintiff was to receive, and did receive, for his hand injury. (See SCI-Albion Records, Exh. C and Millcreek Hospital Records, Exh. D, Appendix in Support of Joint Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment ("Appendix");

see also Affidavit of Mark Baker, D.O., Appendix, Exh. A at ¶¶ 15, 43, 46).  Further, Dr. Baker has provided an Affidavit in which he states that the "medical staff at SCI-Albion recorded the evaluations, medications, treatment and diagnostic testing that was recommended to treat Mr. Green's injury. The medical records reflect any and all testing, evaluations, medication, and diagnostic testing that was ordered for Mr. Green.  The treatment that Mr. Green received is reflected in Mr. Green's medical records." (Appendix, Exh. A, ¶ 44).

Significantly, the medical records from the Department of Corrections and from Millcreek Community Hospital do not reflect that a permanent cast was ever ordered for Mr. Green's right hand injury by any attending physician.  See Appendix, SCI-Albion Records, Exh.C; Millcreek Hospital Records, Exh. D; see also Affidavit of Mark Baker, D.O., ¶ 45).

Furthermore, as the defendants argued in their Joint Motion for Summary Judgment, supporting brief and exhibits, which are incorporated herein by reference, Dr. Ferretti, the orthopedic specialist from Millcreek Community Hospital, provided treatment to Plaintiff onsite at SCI-Albion and determined that there was no medical necessity to send Plaintiff back to Millcreek Hospital because Plaintiff's hand was healing well and could be treated onsite at SCI-Albion.  According to Plaintiff's medical records, on September 4, 2001, Clinical Specialist, Rebecca Gould, was unable to schedule Plaintiff for an offsite visit with Dr. Ferretti at Millcreek Community Hospital due to scheduling and security concerns of non-emergent outside trips.  (SCI-Albion Records, Exh. C, Progress Notes, 9/4/01; Baker Aff., Exh. A, ¶ 23).  Ms. Gould spoke with Dr. Ferretti's staff regarding this issue, and Dr. Ferretti advised that Plaintiff could

be evaluated onsite at SCI-Albion, during the orthopedic clinic, on September 14, 2001. (Id.).

Plaintiff failed to show up for his September 14, 2001 visit. (SCI-Albion Records, Exh. C, Progress Notes, 9/14/01; Baker Aff., Exh. A, ¶ 24). The medical staff followed up with Dr. Ferretti regarding Plaintiff's failure to appear for his September 14, 2001 appointment, and Dr. Ferretti ordered Plaintiff to be seen offsite at Millcreek Community Hospital Orthopedics within two weeks. (Id.; see also SCI-Albion Records, Exh. C, Consultation 9/14/01; Baker Aff., Exh. A, ¶ 24). Ms. Gould scheduled Plaintiff for an offsite visit with Dr. Ferretti at Millcreek Community Hospital to take place on Wednesday, September 26, 2001. (SCI-Albion Records, Exh. C, Progress Notes, 9/17/01; Baker Aff., Exh. A, ¶ 25).

Prior to Plaintiff's September 26, 2001 appointment, on September 20, 2001, Dr. Ferretti and Physician's Assistant Tammy Mowry reviewed Plaintiff's medical chart and discussed his chart at length. (SCI-Albion Records, Exh. C, Progress Notes, 9/20/01; Baker Aff., Exh. A, ¶ 25). According to the records, Dr. Ferretti ordered that an x-ray be taken of Plaintiff's hand onsite at SCI-Albion and that the film be transported to Millcreek Community Hospital for review by Dr. Ferretti in order to avoid any security issue of non emergent outside trips by Plaintiff. (Id.; see also SCI-Albion Records, Exh. C, Physician's Orders, 9/20/01 and Consultation Record, 9/21/01; Baker Aff., Exh. A, ¶ 26).

The medical records also reflect that Dr. Ferretti ordered Plaintiff to be rescheduled to be seen at an onsite clinic at SCI-Albion on October 12, 2001 unless he, Dr. Ferretti, deemed it necessary for Plaintiff to be seen prior to October 12, 2001. (SCI-

Albion Records, Exh. C, Consultation Records, 9/20/01, 10/12/01; Baker Aff., Exh. A, ¶ 30, ¶ 27). As per Dr. Ferretti's orders, an x-ray of Plaintiff's right hand was taken on September 21, 2001 and was provided to Dr. Ferretti's office that day. (SCI-Albion Records, Exh. C, Consultation Record, 9/21/01; Baker Aff., Exh. A, ¶ 29). Importantly, Dr. Ferretti reviewed the x-ray of Plaintiff's hand taken on September 21, 2001 and noted that Plaintiff's hand was **"healing well—no medical necessity to send patient offsite."** (SCI-Albion Records, Exh. C, Progress Notes 10/1/01(emphasis added); Baker Aff., Exh. A, ¶ 30).

Again, Dr. Ferretti did not recommend that any cast be placed on Plaintiff's hand, no cast was medically necessary or appropriate, and Dr. Ferretti determined that there was no need to send Plaintiff offsite to Millcreek Community Hospital because Plaintiff's hand was healing well. (SCI-Albion Records, Exh. C, Consultation Record 9/20/01; Baker Aff. A, ¶¶ 18-21).

Plaintiff's assertion that he should have been transported off-site for a permanent cast finds no support in the record. All of the medical decisions regarding Plaintiff's treatment have been amply documented in the medical records. Simply stated, there is no evidence that Dr. Ferretti, or any other medical provider, desired Plaintiff to be transported to Millcreek Hospital for a permanent cast. Rather, the evidence is that Dr. Ferretti, and all other medical providers, concluded that Plaintiff was receiving proper care, and that Plaintiff's hand was healing appropriately, under the care provided at SCI-Albion. As such, summary judgment should be entered in favor of Defendants.

B.   **There is No Evidence of Deliberate Indifference.**

Although Plaintiff may disagree with the medical judgment of the medical personnel who determined that a permanent cast was not medically necessary to treat his condition, such disagreement fails to demonstrate a claim of deliberate indifference. Disagreements over how to treat an illness or an injury do not implicate the Eighth Amendment. White v. Napoleon, 897 F.2d 103 (3d Cir. 1990); Young v. Quinlan, 960 F.2d 351, 358 n.18 (3d Cir. 1992); Banvelos v. McFarland, 41 F.3d 232 (5th Cir. 1995); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1081 (3d Cir. 1976)(finding that once it shown that plaintiff received some care, complaints directed at the wisdom or quality of the medical care received from medical personnel will not state an Eighth Amendment violation under § 1983, even if treatment was negligent as to amount to malpractice). Courts must not second-guess the judgments made by medical personnel as to the appropriate means of treating a plaintiff's various medical conditions. Inmates of Allegheny County Jail v. Pierce, 612 F.2d at 754, 763 (3d Cir. 1979).

Moreover, the cases cited by Plaintiff in his Objections regarding the alleged state of his medical records fail to support Plaintiff's position. Fambro v. Fulton County, Georgia, 713 F.Supp. 1426 (1989) is a case in which the court entered an order governing the release of inmates following multiple violations of a consent decree. Similarly, in Cody v. Hillard, 599 F.Supp. 1025 (1984) and Burks v. Teasdale, 492 F.Supp. 650 (1980), the courts made findings of fact based upon extensive evidence and expert testimony that medical personnel had failed to keep medical records and had no reliable medical record keeping system in place. In Johnson-El v. Shoemehl, 878 F.2d 1043 (8th Cir. 1989), the court did not make any determination on the merits of a deliberate

indifference claim based upon a failure to keep any systematic medical records, and affirmed a lower court's decision which declined to grant a motion to dismiss prior to any discovery.

The medical records from SCI-Albion clearly establish that not only were records of Plaintiff's medical treatment kept, but that the records describe in great detail the numerous evaluations, consultations, x-rays, medications, and treatment that was provided to Plaintiff at SCI-Albion.

Further, Plaintiff references the magistrate judge's remark that she had some difficulty deciphering certain portions of the medical records without any affidavits from medical personnel in the July 24, 2005 Report and Recommendation concerning the original Motion to Dismiss filed on behalf of Dr. Baker. However, since the July 24, 2005 Report and Recommendation, both Dr. Baker and Physician's Assistant Telega provided affidavits in support of the Joint Motion for Summary Judgment which explain the medical records.

Based upon the evidence of record, Plaintiff cannot establish that the defendants acted with deliberate indifference and so Plaintiff's Motion for Summary Judgment should be denied.

### III.  CONCLUSION

For all of the reasons stated herein, as well as for the reasons stated in the Magistrate Judge's May 9, 2006 Report and Recommendation, and these Defendants' prior Motion for Summary Judgment and briefing to this Honorable Court, Defendants, Mark Baker, D.O. and Dan Telega, PA-C, respectfully request this Honorable Court adopt the Magistrate Judge's May 9, 2006 Report and Recommendation and that

Defendants' Motion for Summary Judgment be granted and that Plaintiff's Motion for Summary Judgment be denied.

                              PIETRAGALLO, BOSICK & GORDON LLP


                              /s/ Elizabeth M. Yanelli
                              ELIZABETH M. YANELLI, ESQUIRE
                              Pa. I.D. #86932
                              One Oxford Centre, 38th Floor
                              Pittsburgh, PA  15219

                              (412) 263-2000

                              *Attorney for Defendants,*
                              *Mark Baker, D.O. and*
Dated:  May 23, 2006            *Dan Telega, PA*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Joint Response to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation and Motion for Summary Judgment in Favor of Plaintiff was served via United States First-Class Mail, postage prepaid, this 23rd day of May 2006, upon the following non-ECF users:

>Tyrone Green - EP-4593
>SCI Smithfield
>1120 Pike Street
>P.O. Box 9999
>Huntingdon, PA 16652

>  /s/ Elizabeth M. Yanelli
> ELIZABETH M. YANELLI, ESQUIRE
> Pa. I.D. No. 86932
> PIETRAGALLO, BOSICK & GORDON LLP
> The Thirty-Eighth Floor
> One Oxford Centre
> Pittsburgh, PA  15219
> (412) 263-2000
>
> *Attorney for Defendants,*
> *Mark Baker, D.O. and*
> *Dan Telega, P.A.*